## MUSKOGEE ELECTRIC TRACTION CO. v. DURHAM.

No. 15350—Opinion Filed June 9, 1925.

Rehearing Denied Dec. 22, 1925.

**1. Trial — Sufficiency of Instructions—Refusal of Requests.**

When the instructions given by the court cover substantially the instructions requested by one of the parties, it is not error to refuse to give such requested instructions although the same may correctly state the law applicable to the case.

**2. Negligence—Contributory Negligence for Jury—Instruction Properly Refused.**

The question of contributory negligence is purely one of fact to be determined by the jury, and the court invades the province of the jury and is without right to instruct the jury that, if a certain state of facts is found to exist, the same would constitute contributory negligence and prevent a recovery by the plaintiff, and a requested instruction of this character is properly refused by the court.

(Syllabus by Jarman, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Muskogee County; O. H. Searcy, Judge.

Action by H M. Durham against the Muskogee Electric Traction Company. Judgment for plaintiff, and defendant brings error. Affirmed.

C. A. Summers, for plaintiff in error.

Crump & Seawel for defendant in error.

Opinion by JARMAN, C. This was an action by H. M. Durham against the Muskogee Electric Traction Company, a corporation, for damages resulting from an injury in which the plaintiff's leg was broken, caused by an accident on February 19, 1921, at the intersection of the Jefferson Highway, a public road, with the street railway of the defendant, which was the usual and customary place for passengers to board the street cars of the defendant for transportation to the city of Muskogee. The petition of the plaintiff alleges that, while waiting at said point for the arrival of the street car for the purpose of taking passage thereon to Muskogee, the plaintiff gave the usual and customary signal for the car, upon its approach, to stop in order that he might board the same, and that the motorman in charge of the car carelessly and negligently failed to stop the same, but ran said car by the plaintiff, causing the steps, which had been carelessly and negligently left open by the motorman in such a position as to protrude and extend beyond the side of the car, to strike the right leg of the plaintiff and break the same. To this petition, the defendant filed an answer denying negligence on its part and alleging that the injury sustained by the plaintiff was occasioned by his contributory negligence. The trial resulted in a verdict for the plaintiff in the sum of $500, on which judgment was rendered.

There are only two propositions urged by the defendant for a reversal: First, the court erred in refusing to instruct the jury upon the degree of care which the defendant owed the plaintiff; second, the court erred in refusing to give defendant's requested instruction numbered 6, which contained the theory of the defense.

Under the first proposition, the defendant contends that it was the duty of the trial court to instruct the jury upon the degree of care owed by the defendant to the plaintiff and, in this connection, the defendant submitted and requested the court to give its instruction No. 2, which was to the effect that as a matter of law every person is required to exercise reasonable care for his own safety as well as for the safety of others, and that it was the duty of the defendant and the plaintiff alike to exercise such care, and that if the plaintiff, by the exercise of reasonable care, could have avoided the accident and failed to do so, then there could be no recovery if such failure on his part in any manner contributed to the happening of the accident. It is sufficient to dispose of this contention to say that this requested instruction is sufficiently covered by instruction numbered three, given by the court, in which the jury was instructed on the defense of contributory negligence. and, in this connection, the court used the following language:

"* * * In this connection you are instructed that by the term 'contributory negligence' as used in these instructions is meant the want of ordinary care on the part of the person injured or damaged. That is to say, the want of such care as an ordinarily prudent person would have exercised under the same or similar circumstances, taken, either by itself or in connection with the negligence of the defendant, if any, proximately caused the injury. **You are further instructed that the law places upon all persons the duty of exercising ordinary care for their own safety and** even though you should believe from the evidence that the defendant was negligent, if the evidence also shows the plaintiff was negligent and that such negligence caused or materially contributed to his injury your verdict should be for the defendant."

There was but one question submitted to the jury and that was whether the steps to the car were negligently permitted to protrude over the side thereof. There was no dispute about it being the duty of the motorman to keep the steps folded even with the car when the car was in motion. The plaintiff contended that the projecting steps struck his leg, while the defendant contended that the plaintiff received his injury in attempting to cross the track in front of the car while the same was in motion. Under the facts and circumstances surrounding the case, we think the court fully instructed the jury upon the degree of care which was owed by the defendant to the plaintiff, and no prejudicial error accrued by a failure to give said requested instruction.

As to the second proposition, wherein the defendant contends that the court erred in refusing to give its requested instruction numbered 6, which is as follows:

"You are further instructed if you believe from a fair preponderance of the evidence that the plaintiff just prior to the time and place of the accident complained of in plaintiff's petition crossed from the left side of the street car track, not in the exercise of due care and caution, at a place so close in front of the approaching street car, that the motorman in the exercise of due care and caution was unable to stop said street car before striking plaintiff, and plaintiff negligently and carelessly failed to cross over said track far enough to prevent said street car from striking him, and said want of care and said negligence of plaintiff proximately caused or contributed to said injury, then the plaintiff can not recover and your verdict should be for defendant"

—it is sufficient to say, in view of the fact that the theory of the defense was contributory negligence on the part of the plaintiff, that this requested instruction would have

been an invasion of the rights and duties of the jury, as the court had no right to instruct the jury that if a certain state of facts existed, which constituted contributory negligence, the plaintiff could not recover. Muskogee Electric Traction Co. v. Watkins, 96 Okla. 284, 222 Pac. 996. This instruction was properly refused.

The judgment of the trial court is, therefore, affirmed.

By the Court: It is so ordered.

Note.—See under (1) 38 Cyc. p. 1711. (2) 29 Cyc. p. 640; 20 R. C. L. p. 166; 3 R. C. L. Supp. 1040; 4 R. C. L. Supp. 1342; 5 R. C. L. Supp. p. 1085.