## MUSKOGEE ELECTRIC TRACTION COMPANY v. WATKINS.

No. 12760—Opinion Filed Jan. 15, 1924.

Rehearig Denied Feb. 12, 1924.

(Syllabus.)

Negligence—Contributory Negligence—Jury Question—Instructions.

Under article 23, sec. 6, of the Constitution the question of contributory negligence is a conclusion of fact to be drawn by the jury, and the court has no right to instruct the jury that if a certain state of facts exist, such state of facts constitutes contributory negligence and prevents a recovery by the plaintiff, and an instruction of that character was properly refused by the trial court.

Error from District Court, Muskogee County; Guy F. Nelson, Judge.

Action by Daisy Watkins against the Muskogee Electric Traction Company. Judgment for plaintiff, and defendant brings error. Affirmed.

C. A. Summers, for plaintiff in error.

Crump, White & Seawel, for defendant in error.

COCHRAN, J. This is an appeal from the judgment of the district court of Muskogee county, rendered in an action wherein the plaintiff, Daisy Watkins, sued the defendant, the Muskogee Electric Traction Company, a corporation, for damages to her automobile and for personal injuries, which were alleged to have resulted from an accident in which the automobile in which the plaintiff was driving collided with a street car of the defendant company.

The only question presented by the brief of the plaintiff in error is that the court erred in refusing to give the following instruction to the jury, to wit:

"If you find that the plaintiff was traveling upon the street and that the street car was approaching at a lawful and reasonably safe rate of speed, and that the plaintiff suddenly and without notice to the motorman applied the brakes on her automobile and caused the same to stop on the track of the street railway in front of the approaching car and the motorman, because he was so close, was unable to stop and avoid collision, and by reason thereof ran into and collided with the plaintiff's automobile, then there can be no recovery herein and your verdict must be for the defendant."

It is contended by the plaintiff in error that the trial court in failing to give this requested instruction failed to present to the jury the defense of the defendant, and it relies upon Atchison, T. & S. F. Ry. Co. v. Jamison, 46 Okla. 609, 149 Pac. 195, in which the court said:

"In a case tried to a jury, where the evidence tends to support the same, it is the duty of the court to submit by appropriate instructions the theory of the defense; and failure so to do, at the request of defendant, constitutes prejudicial error."

There are numerous decisions by this court announcing this rule, and we are thoroughly agreed with the same, but the instruction requested in the instant case was properly refused because the giving of the same would have invaded the province of the jury, in that under section 6, art. 23, of our Constitution, the defense of contributory negligence is a question of fact and should at all times be left to the jury. The giving of the instruction requested would have been equivalent to instructing the jury, on the facts stated in the instruction, the plaintiff was guilty of contributory negligence and could not recover. The question involved here was determined by this court in Pioneer Hardwood Company v. Thompson, 49 Okla. 502, 153 Pac. 137, where instructions stating correct principles of law were requested, but were held to have been properly refused because the instructions so requested advised the jury that the plaintiff would not be entitled to recover if a certain state of facts existed. The court in the opinion said:

"Which means that in this jurisdiction contributory negligence is no longer to be drawn by the court as a conclusion of law from the facts found, but is in all cases a conclusion of fact to be drawn by the jury. In other words, the court has no right to tell the jury that if they believe, from the evidence, certain facts exist, such facts, as a matter of law, constitute contributory negligence, and they should so find. But it is the duty of the court also to leave the jury the right to draw the ultimate conclusion from the facts, if found, whether or not contributory negligence exists as a matter of fact. As the instruction requested the court to draw such conclusion himself, and not leave it to the jury, there was no error in refusing to give the charge."

It is our opinion that the requested instruction was properly refused, and that the judgment of the trial court should be affirmed, and it is so ordered.

JOHNSON, C. J., and McNEILL, HARRISON, MASON, and LYDICK, JJ., concur.