FOLSOM MORRIS COAL MINING CO. v. SCOTT.

No. 13027—Opinion Filed June 3, 1924.

Rehearing Denied July 29, 1924.

Second Rehearing Denied Dec. 16. 1924.

(Syllabus.)

1. Mines and Minerals—Duty to Assistant Mine Inspector as Licensee.

An assistant mine inspector under the provisions of section 7554, Comp. Stat. Okla. 1921, is a licensee when in the discharge of his duty in inspecting a mine, and in the absence of statute the owner of the mine owes him no duty other than not to let him run upon a hidden peril or wantonly or willfully cause him harm.

2. Same—Duty of Care.

Under the provisions of sections 7554 and 7557, Comp. Okla. Stat. 1921, it is the duty of the owner, lessee, or agent of a mine to furnish to such inspector the means necessary for entry and inspection. This contemplates reasonably safe means for entering and inspecting such mine.

3. Negligence—Contributory Negligence—Jury Question—Instruction.

It is not error for the trial court to refuse to instruct the jury that certain fact or facts, if found to be true, constitute in law contributory negligence. Under section 6, art. 23, Constitution of Oklahoma, the jury alone can determine as to whether or not such facts as they find to exist constitute contributory negligence.

4. Mines and Minerals—Negligence—Competency of Hoisting Engineer.

Under sections 7542 and 7548, Comp. Okla. Stat. 1921, a hoisting engineer employed in and about a coal mine, who holds a certificate of competency from the State Mining Board, is competent and qualified to hold such position, and an employer will be protected by such certificate against allegations of general incompetency not connected with the particular act complained of.

5. Same—Evidence — Statutes Prevailing Over Rules of Mine Inspector.

Rules of the office of the Chief Mining Inspector are not competent evidence on matters where the statute affirmatively speaks, there being no power by rule to add to or subtract from a statute.

6. Same—Contributory Negligence — Rules of Mine as Evidence.

Rules for the conduct of a mine, adopted in the furtherance of the requirement of the statute, generally known to employes and inspectors, are competent evidence on the question of contributory negligence of such employe or inspector.

7. Appeal and Error — Prejudicial Error—Inconsistent Instructions.

The instructions as a whole must be consistent and harmonious, and where two instructions contain inconsistent propositions, the cause will be reversed, for the reason that the court is unable to tell which the jury followed and which it ignored. First National Bank v. Nolen, 59 Okla. 20, 157 Pac. 754

**8. Negligence—Assumption of Risk—Necessity for Pleading.**

The defense of assumed risk is an affirmative one, and when not pleaded is not available to predicate error upon the refusal to give an instruction thereon.

**9. Trial—Comments of Court on Weight of Evidence.**

It is error for the trial court to comment upon controverted questions in the presence of the jury upon the weight of the testimony, or to make a statement as to facts proven.

Error from District Court, Coal County; Geo. S. March, Judge.

Action by Katie Scott against the Folsom Morris Coal Mining Company, claiming a cause of action based upon the alleged negligent killing of her husband, Tom Scott. Judgment rendered in favor of plaintiff; defendant prosecutes this appeal. Reversed and remanded for a new trial.

George Trice and Denver N. Davison, for plaintiff in error.

Moore & West, for defendant in error.

WARREN, J. This is an appeal from a judgment of the district court of Coal county wherein the plaintiff there, Katie Scott, defendant in error here, secured a judgment in the sum of $10,000 against the plaintiff in error, Folsom Morris Coal Mining Company.

The plaintiff in the court below brought suit alleging she was the widow of Tom Scott, deceased, and brought suit for the benefit of the next of kin. She alleges the defendant was operating a coal mine near Phillips, Okla. She alleges the deceased was elected, qualified, and acting district mine inspector for Oklahoma, whose district included defendant's mine; that on June 17, 1920, deceased entered defendant's mine for the purpose of making inspections as required by law and was killed while riding in a trip of empty cars being hoisted out of the slope to the shaft. She alleges that it was the duty of the defendant to employ competent and qualified engineers to operate engine pulling cars out of mine, and it was its duty to provide proper, suitable, and safe cable for use in hoisting such trip, and was its duty to provide a drag or tail board to prevent the trip running away in the event of a break in the cable. Further, she alleges it was necessary to furnish a proper and suitable drum for winding the cable in hoisting the trip, also electric signals for use in controlling operation of the trip.

Plaintiff alleges deceased met his death because the defendant employed an incompetent engineer; because it failed to provide a safe cable; because of negligence in failing to provide proper drum with flanges, and that the drag or tail board to prevent runaway; also that the company failed to install electric signals.

She alleges that the engineer permitted the cable to stack up on the drum and that, because of improper flanges, about 15 rounds of cable rolled off the drum, causing about 90 feet of slack, and there being no drag, the trip ran away, and when the slack was taken up the cable broke, the trip ran wild, and Scott was killed. She alleges Scott was 59 years of age, had an expectancy of life of 17 3-10 years, and was earning $150 clear of expenses.

The defendant answered with a general denial, and a pleading of contributory negligence on the part of Scott. Defendant further pleaded that at the time of the accident all the machinery and appliances in said mines were subject to Scott's control and direction, and if he was injured, it was due to his own carelessness in failing to exercise proper care for his own safety; that if there were defective appliances, they were known to deceased or could have been known by the exercise of proper care.

Errors are alleged by the plaintiff in error, defendant below, in the giving of instructions and the admission and rejection of testimony. The first error alleged was the refusal of the court to give defendant's instruction No. 1, which is as follows:

"That Thomas Scott, the deceased, was what is known in law as a 'licensee,' and the defendant owed him no duty, except that of not willfully injuring him, or willfully permitting him to be injured."

The court, in lieu of the requested instruction of the defendant, gave the following:

"You are instructed that the deceased, Tom Scott, was a district mine inspector, and that it was the duty of the defendant company to furnish him with reasonably safe means for entering and inspecting said mine, taking into account the ordinary and usual hazard of such duty."

In our opinion the inspector, Tom Scott, was a licensee and the defendant owed him no duty as to the condition of the premises save not knowingly to let him run upon a hidden peril or wantonly or willfully harm him, unless there is a requirement of statute placing this burden upon it. We know of no case where the identical question here

presented is involved. The nearest analogy is presented in cases of injury to a policeman entering premises in the discharge of his duty.

The case of Parker v. Barnard, 135 Mass. 116, 46 Am. Rep. 450, is one where a policeman entered an open doorway in the night time and fell down an open elevator shaft. The court held that he was a licensee, but held that he could recover because of the failure of the owner to comply with a statute requiring such openings to be guarded.

The case of Racine v. Morris, 201 N. Y. 240, 94 N. E. 864, is another case where a policeman in the discharge of his duty was held to be a licensee, but in this case, as in the Massachusetts case, a statute required a substantial guard and sufficient trap doors.

So in this case we hold that Scott was a mere licensee and the defendant only owed him the duty of not willfully injuring him or permitting him to be injured, unless we have a statute imposing some additional duty on the plaintiff because of the relationship the law creates between them. Section 7554, Comp. Okla. Stat. 1921, in part provides as follows:

"For the purpose of making the inspection and examination provided for in this section, the Chief Mine Inspector and the district inspectors shall have the right to enter any mine at any reasonable time, by day or by night, but in such manner as shall not unnecessarily obstruct the workings of the mine, and the owner, lessee or agent of such mine is hereby required to furnish the means necessary for such entry and inspection. * * *"

Section 7557, Comp. Okla. Stat. 1921, reads as follows:

"Every person who willfully obstructs the Chief Inspector or his assistant inspectors in the execution of his or their duties, and every owner, agent, lessee or manager of a mine who refuses or neglects to furnish to the Chief Mine Inspector or his assistants the means necessary for making entry, inspection, examination or inquiry, as herein provided, in relation to such mine, shall be guilty of a misdemeanor, and upon conviction he shall be punished as hereinafter provided."

That portion of the statute requiring the owner, lessee, or agent "to furnish the means necessary for such entry and inspection" naturally contemplates reasonably safe means for entering and inspecting the mine. In view of this statute it was not error to refuse defendant's requested instruction No. 1.

The second complaint of the plaintiff in error is to the effect that the trial court should have held as a matter of law that the failure of the deceased to go up the manway rather than by the trip, the one being safe and the other dangerous, constituted contributory negligence. The exact way in which the defendant complains of the action of the court is not shown in the brief, but its instruction No. 8 requested and refused is the only place where our search has found it in the record. Such instruction is as follows:

"That in no case shall men be permitted to travel to and from their work on hauling roads where hauling is done by machinery, and where such hauling is done there shall be a manway provided for men to travel to and from their work. Said manway shall be six feet in width and five feet in height, and shall be kept clear of all obstructions and properly timbered.

"And the court instructs you as a matter of law that it was the duty of the deceased, Thomas Scott, to use the manway provided, in the event you find that any such provided, and not ride on the trip on which he was injured."

The trial court properly refused this instruction and properly declined to assume this burden. Section 6, article 23, of the Constitution of Oklahoma provides:

"The defense of contributory negligence or of assumption of risk shall, in all cases whatsoever, be a question of fact, and shall, at all times, be left to the jury."

This has been construed by this court as it applies to the question under consideration in the following cases: St. Louis & S. F. Ry. Co. v. Boush, 68 Okla. 301, 174 Pac. 1036; Wichita Falls & N. W. Ry. Co. v. Woodman, 64 Okla. 326, 168 Pac. 209; Pioneer Hardwood Co. v. Thompson, 49 Okla. 502, 153 Pac. 137; St. Louis & S. F. Ry. Co. v. Jones, 78 Okla. 204, 190 Pac. 385.

In the above cases the court held it improper to instruct the jury that a certain facts or acts, if found to be true, would constitute contributory negligence. The determination of whether or not such facts would constitute such negligence must always be left to the jury.

The plaintiff in error next complains of the action of the trial court in admitting over its objection certain alleged incompetent testimony. It is the theory of the plaintiff that the defendant was negligent in employing and retaining in its employment an incompetent engineer; that the defendant knew that he was incompetent

prior to the accident and admitted to such knowledge through its foreman after the accident. The plaintiff called as a witness Ed Boyle, State Mine Inspector, and asked him the following:

"Q. I will ask you whether or not Pat Malloy, the superintendent of that mine, told you that Mr. Cornelius was not a qualified engineer and that he knew it? Mr. Trice: We object to that as being incompetent, irrelevant and immaterial; not the way to prove the competency of engineer. The Court: He can answer it, if the conversation was before the accident. Judge West: It was after. The Court: If it was before the accident, he may answer, otherwise not. Witness: It was after the accident. Mr. Moore: He is superintendent of this company, and makes an admission as to the qualification of this man. He knew it a long time before this accident. The Court: You asked him if he had a conversation with this man? Mr. Moore: Yes, sir; and he said he had a conversation with this man, and it is what the superintendent told him that we want. The Court: All right, he can answer. Mr. Trice: Note an exception. A. Well, there was a conversation when I first visited the mine in the evening, and before I left, I told Mr. Malloy not to permit him to run that hoist any more, and he said. 'I wanted to let him out some time before, but didn't want to have trouble some time before—I didn't want to have trouble with the men. I didn't want to start trouble; and I told him to let him out, and to tell them I told you, that I told you to let him out, and if they want to kick, to send them to me.'"

This testimony was improper and should have been excluded. Section 7548, Comp. Okla. Stat. 1921, provides:

"A certificate of competency shall entitle the holder thereof to accept and discharge the duties for which he is thereby declared qualified at any mine where his services may be desired."

It is undisputed that this engineer was the holder of a certificate of competency from the State Mining Board. This is a board constituted for the very purpose of determining whether or not certain officers are competent. It is a violation of law punishable by fine and imprisonment for any person to act as mine manager, superintendent, pit boss, hoisting engineer, or fire boss without first having obtained a certificate of competency from this board. The selection of an employer is limited to a certain class of persons who have been examined by the State Mining Board and whose qualifications have been legally and officially determined. When an employer has selected such a person, he is protected by the law from any allegations of general incompetency, not connected with the particular act complained of.

The plaintiff in error alleges further error on the part of the trial court in rejecting certain alleged competent testimony. The witness Boyle was asked by attorneys for the defendant the following:

"Q. I will ask you, Mr. Boyle, if it is a rule of your department that a man shall ride upon a coal trip?"

Similar questions were asked of the witness Hayes, who was an assistant mine inspector. The court excluded the offered testimony upon objection of the plaintiff. This was proper for two reasons. In the first place the rule, if any, was a part of the department records and such testimony would not be the best evidence. Further, we have a complete statute covering this particular matter and the rule could not add to nor detract from the statute. Section 7607, Comp. Okla. Stat. 1921, provides in part:

"But in no case shall men be permitted to travel to and from their work on hauling roads where hauling is done by machinery, and where such hauling is done there shall be a manway provided for men to travel to and from their work. Said manway shall be six feet in width and five feet in height, and shall be kept clear of all obstructions, and shall be properly timbered."

A different situation is developed by the offer of testimony of S. B. Reddell, underground foreman of the defendant. He was asked to testify as to the rules of the company with reference to the method of travel at different times. The witness was asked the following question, with answers indicated:

"Q. Between the times that the man trip went down of a morning and came out of an evening, do you know what the rule was as to men coming out of that slope, as to where they should travel? Judge West: We object to that as being incompetent, irrelevant and immaterial; not tending to prove or disprove any issue in this case. Mr. Trice: You have stood on that. Judge West: Certainly we have. Mr. Trice: The statute provides they should not travel that way, and this was a mine inspector and he was bound to have knowledge of the statute, and the company's rules governing that. The Court: Objection sustained. Mr. Trice: Exception. Mr. Trice (dictating for the benefit of the record): Let the record show that the witness would answer that the company's rule forbade anybody traveling on the slope. Judge West: If you mean to say that the company has a rule that would prohibit the mine inspector and dis-

trict mine inspectors from riding that trip except during regular man trips, I will withdraw the objection. Mr. Trice: We couldn't make a rule and enforce it against the inspector. That is all."

If the company had a rule against men riding on the slope and the rule was violated by the inspector it would be competent to show that fact. The inspector under the law had complete charge of the mine. Under section 7555, Comp. Okla. Stat. 1921, the inspector and each assistant are empowered to act as police officers with full power to arrest and detain any person violating any provision of law. It was competent to show a rule of the company endeavoring to carry out the law, which was violated by the inspector. This is competent in view of the fact that the company foreman accompanied the inspector on the fatal trip. The statute was known to the deceased and his duties would require his knowledge of the rule. It was admissible under the plea of contributory negligence.

So long as a rule does not contravene a statute, but is in compliance therewith and is of general knowledge, it is admissible to show the requirements of the company for the government of its employes: A., T. & S. F. Ry. Co. v. Carter, 60 Kan. 65, 55 Pac. 279, Galveston, H. & A. S. Ry. Co. v. McAdams (Tex. Civ. App.) 84 S. W. 1076; Gulf, C. & S. F. Ry. Co. v. Boyce (Tex. Civ. App.) 87 S. W. 395.

The witness Williamson was asked with reference to his instructions as to taking orders from the assistant mine inspector. This was excluded on the theory that the matter was regulated by law. It is true it is regulated by law, but this is competent to show that defendant was complying with the law and not evading it. Defendant was, under this testimony, placing deceased as assistant mine inspector in full charge of the mine, and the testimony was competent on the question of contributory negligence. The testimony of the witness Malloy on the question of discharge of the engineer was properly excluded. The objections to testimony of other witness are governed by the rules herein set out.

The plaintiff in error alleges error in giving of instruction No. 6, which is as follows:

"If under the evidence and the instructions you find the issues in favor of the plaintiff, then you may assess the amount of her recovery at whatever you may find to have been the earning capacity of the deceased and what in your judgment would compensate the plaintiff and next of kin for the pecuniary loss of their husband and father; that is, the amount the family would probably have received from his labor had he not been killed."

This instruction is so palpably wrong that no discussion is needed. The defendant in error urges that the error was cured by the giving by the court of defendant's requested instruction No. 11, which is as follows:

"That in estimating the damages, if any, which you may award to the plaintiff in this case you will award only such sum as can reasonably be expected for the deceased to earn over and above the amount that he would necessarily spend for living expenses, and other incidental expenses during his expectancy, and, in this connection, you will take into consideration his advanced age and the probability that his earning capacity would diminish, rather than increase, with the passing years."

The plaintiff in error does not complain of this instruction and, of course, cannot, but the giving of this instruction does not cure the evil of the other. We have no way of knowing which instruction the jury used for its governance. First Nat. Bank v. Nolen, 59 Okla. 20, 157 Pac. 754; Petroleum Iron Works v. Bullington, 61 Okla. 311, 161 Pac. 538. The giving of the former instruction was prejudicial error.

The plaintiff in error sets out alleged error in instructing the jury on assumed risk. We do not see how defendant was prejudiced by this instruction. The defense of assumed risk was not pleaded in this case. It is a defense where the relation of master and servant exists and has never so far as we know been held to exist in the absence of a contractual relation. Conrad v. Springfield C. R. Co., 240 Ill. 12, 88 N. E. 180, 130 Am. St. Rep. 251; Shonuger v. Mann, 219 Ill. 242, 76 N. E. 354, 3 L. R. A. (N. S.) 1097; Fillingham v. St. Louis Transit Co., 102 Mo. App. 573, 77 S. W. 314; Tinkle v. St. Louis & S. F. Ry. Co., 212 Mo. 445, 110 S. W. 1086.

Assumption of risk is an affirmative defense and must be pleaded to be available as a defense. M., K. & T. Ry. Co. v. Wilhoit (I T.) 98 S. W. 341.

Not having pleaded this defense, the defendant cannot complain of the court's refusal to give its requested instruction. It was not entitled to any instruction on assumed risk, and the one given was in its favor and more than it was entitled to under the issues. Error is assigned because of the failure of the trial court to give defendant's requested instructions No. 5 and No. 8. These instructions pertain to the

alleged contributory negligence of the deceased and are improper for the reason they invade the province of the jury in denominating what are safe and what are unsafe methods.

It is proper for the court in matters of contributory negligence to submit the law to the jury for its consideration and to admit in evidence such facts as may be applied thereto in order that the jury may determine from the language of the statute and the acts of the person injured whether or not the person injured was guilty of contributory negligence, but the court must not announce any acts if proven to constitute contributory negligence.

The 22nd, 23rd, and 24th assignments of error relate to the conduct of the trial by the attorneys for the plaintiff. We will notice these only by saying that it is apparent to this court, aside from the matters hereinefore set out, that the defendant did not have a fair trial in this case. The counsel for plaintiff used obviously improper and prejudicial remarks in his argument and was not properly rebuked. The court did make a mild rejoinder when counsel for plaintiff referred to defendant's counsel, but said nothing, nor did he do anything, with reference to unfair remarks and references to defendant. The court also in the face of conflicting testimony two or three times referred to the trip as a man trip and not a coal trip. This was a very material point in the case and the trial judge should not have given the weight of his personal opinion to the jury. We assume these errors will not be permitted at another trial.

Because of the matters herein referred to, the cause is reversed and remanded for a new trial.

McNEILL, V. C. J., and HARRISON, LYDICK, and GORDON, JJ., concur.