## CONNER v. BURDINE.

No. 16997—Opinion Filed Oct. 19, 1926.

1. **Negligence—Contributory Negligence no Defense Against Willful Negligence.**

When the wrongdoing of the defendant is merely negligence, the contributory negligence of the plaintiff may, as is well understood, operate as a defense, but when the defendant's conduct is willful, it is no longer negligence, and when the injury sustained by the plaintiff is the result of the wanton and willful act of the defendant, the question of the plaintiff's contributory negligence as a defense cannot arise.

2. **Same—Liability for Will'ully Driving and Wrecking Another's Automobile.**

Where the plaintiff, owner of an automobile, parks same, leaving the defendant in the automobile in an intoxicated condition, and during the plaintiff's absence the defendant attempts to drive the car away without the knowledge or consent of plaintiff, and negligently wrecks the car, the defendant cannot avail himself of the plea of contributory negligence against the plaintiff because of the fact that plaintiff left the defendant in the car alone while in a state of intoxication.

3. **Same—Intoxication no Defense for Negligent Acts.**

Drunkenness is a wholly self-imposed disability and cannot be used in anywise as a shield to protect one from liability for injuries sustained by reason of his misconduct or negligence.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, McIntosh County; Enloe V. Vernor, Judge.

Action by D. L. Burdine against Thomas Conner. Judgment for plaintiff, and defendant appeals. Affirmed.

Turner & Turner and H. B. Parris, for plaintiff in error.

R. D. Howe, for defendant in error.

Opinion by JONES, C. This action was instituted in the district court of McIntosh county by the defendant in error, as plaintiff, against plaintiff in error, as defendant, to recover the sum of $400, as damages to plaintiff's automobile, such damages being occasioned by the alleged wrongful acts of the defendant. The defendant answered by way of general denial and plea of contributory negligence on the part of plaintiff.

The facts as disclosed by the record show that on the 8th day of April, 1924, the defendant, Conner, while in a state of intoxication and without the knowledge or consent of the plaintiff, Burdine, drove plaintiff's car away from its parking place and collided with another car causing the damage complained of.

Upon the trial of the case to the court without the intervention of a jury, judgment was rendered in favor of the plaintiff and against the defendant for the sum of $350, from which judgment the appellant prosecutes this appeal, and sets forth various specifications of error, but submits the case to this court in his brief under two propositions:

"(1) Did the plaintiff contribute to his own damage by permitting the defendant to remain in his (the plaintiff's) car alone, when the plaintiff knew that the defendant was in an intoxicated condition?"

The evidence discloses that, on the day the injury complained of occurred, the appellee, Burdine, at the request of the appellant,

Conner, drove Conner in his (Burdine's) car to different places in the city of Eufaula at the request of the appellant, Conner; that Conner was drinking, and after driving Conner to three or four places in the city, he, Burdine, parked his car, and told Conner that he could not drive him to any other places because he had passengers waiting on him to make a drive. Burdine seems to have been a taxi or jitney driver, and after parking his car, leaving Conner in same, left the car for the purpose, as he states, to look up his passengers. Shortly after being left alone in the car, Conner attempted to drive to some other point in the city with the result as heretofore stated, and appellant now contends that the appellee is not entitled to recover because of his contributory negligence, in that he left the appellant, Conner, in the car in a state of intoxication. Appellant cites a number of authorities, among others, Berry on Automobiles (3rd. Ed.) section 1040, as follows:

"Intrusting Automobile to Incompetent Person. Aside from the relation of master and servant, the owner of an automobile may be rendered liable for injuries inflicted by its operation by one whom he has permitted to drive the same on the ground that such person, by reason of his want of age or experience, or his physical or mental condition, or his known habit of recklessness, is incompetent to safely operate the machine."

And also cites the case of Neubrand v. Kraft, L. R. A. 1915D, 692, and calls attention to the following note found on page 692:

"There are three different classes of cases within the scope of the note: (1) Cases where the car was taken without the consent of the owner; (2) cases where the owner intrusted the car to a competent and ordinarily careful person, who, however, was negligent on the particular occasion; (3) cases where the owner intrusted the car to a person who was known to be incompetent or negligent, or not known to be competent or careful.

"It is clear that in the first class of cases there is no ground upon which the owner may be held responsible, at least in the absence of any negligence on his part in guarding against the unauthorized use of his car."

In this note the court seems to have attempted to set forth certain conditions under which the owner of a car would not be responsible, and the first condition mentioned in the note is, "cases where the car was taken without the consent of the owner." This we concede to be the universal rule in dealing with third parties, who receive injury by reason of the negligent handling of the car in the hands of an unauthorized party, and, obviously, if the owner of the car would be excused from liability to a third person by reason of this rule or condition, it would certainly fall with far greater force in dealing with the trespasser, or licensee, who is operating the car without the knowledge or consent of the owner as in this case. We know of no rule of law that authorizes a plea of contributory negligence on the part of the plaintiff in behalf of the defendant, where the defendant is a trespasser, or is acting in violation of law, or by reason of the fact that the defendant is intoxicated. If the interest of the third party was involved there might be some merit in the contention made; however, the great weight of authorities seems to be, in this jurisdiction, to the contrary, as is indicated by note in the case of Neubrand v. Kraft, supra, cited by appellant beginning at the bottom of page 693, column 1:

"The great weight of authority, however, has refused to hold the owner of an automobile liable for injuries sustained while it is being used by another for his own purposes, on the theory that such a machine is a dangerous agency, and have in general allowed recovery only in cases where the circumstances were such as to bring the case within the principle of 'respondeat superior.'"

And no theory upon which the appellant in the instant case relies brings him within any known rule of law which would relieve him of liability under the circumstances and conditions surrounding this case. Beach on Contributory Negligence (2nd. Ed.) (B) 103, page 90, sec. 64, announces the following rule:

"When the wrongdoing of the defendant is merely negligence, the contributory negligence of the plaintiff may, as is well understood, operate as a defense, but when the defendant's conduct is willful, it is no longer negligence, and when the injury sustained by the plaintiff is the result of the wanton and willful act of the defendant, the question of the plaintiff's contributory negligence as a defense cannot arise."

And in section 391, Id., there will be found a discussion of the effect of intoxication as follows:

"* * * Drunkenness is a wholly self-imposed disability, and in consequence is not to be regarded with that kindness and indulgence which we instinctively concede to blindness, or deafness, or any other physical infirmity. Trespassers go at their peril. That is settled law. Much more is it just to hold that they make themselves drunk at their peril. Disabilities, moreover, of any kind are to be a shield, and never a sword. It would

be a strange rule of law that regarded a certain course of conduct negligent and blameworthy upon the part of a sober man, but that held the same conduct, on the part of the same man, when intoxicated, venial and excusable. Drunkenness will never excuse one for a failure to exercise the measure of care and prudence which is due from a sober man under the same circumstances. * * *"

Under these authorities we think it clear that the defendant is in no position to plead contributory negligence on the part of the plaintiff, where it is evident that he was in a sense a trespasser in the use of the automobile, at least his act was unauthorized and in violation of the law. Furthermore, contributory negligence is a question of fact for the determination of the court or jury, and if there is evidence reasonably tending to support the judgment of the trial court, same should not be disturbed on appeal.

Having decided that there is no merit in this contention of appellant, we deem the other questions raised to be immaterial, and we therefore find that the judgment of the trial court should be and the same is hereby affirmed.

By the Court: It is so ordered.