**ANDERSON v. EATON et al.**

No. 26092.    April 6, 1937.

Rehearing Denied June 8, 1937.

Louis W. Pratt and F. C. Swindell, for plaintiff in error.

M. C. Rodolf, J. B. Houston, and Parke Davis, for defendants in error.

PER CURIAM. This action was brought by the plaintiff, Leonard Anderson, against the defendants, T. A. Eaton and Russell Eaton, to recover damages for personal injuries sustained in an automobile accident.

At the time of the accident Leonard Anderson, the plaintiff, and Russell Eaton, the defendant, were high school students and close friends. Shortly before the 1st of April, 1933, they, together with Fred Gadbois, planned a trip to the vicinity of Spavinaw, Okla. Eaton furnished the automobile. After they arrived at Spavinaw they decided to return to Tulsa to get some girl friends, and they picked up three girls and returned to Spavinaw in the evening. About midnight they left Spavinaw on the return trip to Tulsa. The plaintiff, Anderson, was riding on the left side of the rear seat, Gadbois on the right side, and one of the girls in the middle. On the front seat were Russell Eaton and the other two girls. Shortly after leaving Spavinaw the occupants of the car all fell asleep, except Russell Eaton, who was driving. Eaton had crossed the Grand river bridge about a mile west of Salina in a westerly direction, and was making an "S" curve, which is located just west of the bridge, when he ran off the left side of the road and collided with the abutment of a cement culvert, causing the injuries to the plaintiff.

The defendant T. A. Eaton is the grandfather of Russell. Russell made his home and had lived with his grandfather for several years prior to the accident, and the grandfather, T. A. Eaton, had purchased the automobile which Russell was using and had given it to him for his use. He had been driving the car for about a year and a half prior to the accident.

The cause was tried to a jury. At the close of the evidence, a demurrer was sustained in behalf of the defendant T. A. Eaton, and the case submitted to the jury under instructions as to the defendant Russell Eaton. The jury returned a verdict for the defendant.

The plaintiff complains that the court erred in submitting the issue of contributory negligence to the jury. He contends it was error to submit that issue for the reason that contributory negligence was not pleaded in the answer.

That portion of the answer of the defendant Russell Eaton relied upon by the defendant to put in issue contributory negligence is as follows:

"Further answering, this defendant alleges that if plaintiff was injured, that said injuries were the result of his own careless and negligent acts, which said careless and negligent acts contributed thereto."

Under the decisions of this court, the answer sufficiently pleads contributory negligence. In the case of Okmulgee Window Glass Co. v. Bright, 65 Okla. 53, 183 P. 898, the same question was considered. In that case the allegation of the answer was:

"Defendant, further answering said petition, and as a defense thereto, alleges and avers that if the plaintiff was injured as alleged in said petition, the said injuries were received by him by reason of his own fault and negligence, which directly contributed thereto."

In that case the court said:

"No motion was made by the plaintiff below to require the defendant company to make its plea of contributory negligence more definite or certain, and in the absence thereof we are inclined to the opinion that the answer as pleaded was sufficient to raise the question of contributory negligence, if the evidence in the case justifies the same."

Again, in the case of Sand Springs Railway Co. v. Woods, 95 Okla. 179. 217 P. 363, the answer pleading contributory negligence was:

"For further answer this defendant alleges that if said plaintiff was injured at the time and place as alleged, the same was the result of negligence on the part of said plaintiff, and was the result of want of reasonable care for his own safety on the part of said plaintiff, and that the acts and conduct of said plaintiff contributed to such injury if any such was sustained as alleged, and therefore defendant denies that it would be liable to said plaintiff for any injury as alleged?"

The sufficiency of the pleading was challenged. The court said:

"No motion to make this allegation of the defendant's answer more definite and certain was filed, and under the authority of Okmulgee Window Glass Co. v. Bright, 65 Okla. 53, 183 P. 898, this answer must be held to have sufficiently pleaded contributory negligence to entitle defendant to introduce testimony to establish such a defense."

The plaintiff contends that the issue of contributory negligence was not an issue and improperly submitted to the jury for the reason that Leonard Anderson was asleep, and therefore not negligent, and to support his position he cites several cases to the effect that it is not contributory negligence, as a matter of law, for guests to be asleep in an automobile at the time of a collision. That is not plaintiff's case here. The question in the case at bar is, Who is to determine the question of contributory negligence, the court or the jury? If plaintiff's position be sustained, the court would determine the question as a matter of law.

We think the better rule, under circumstances such as the facts show in this case, is that the question whether a sleeping guest in an automobile is negligent or not is one of fact to be determined by the jury under all of the circumstances. The question is whether the guest, under all the circumstances, acted with that degree of care which a reasonably prudent man would exercise under similar circumstances.

That seems to be the holding in the case of Howse v. Weinrich (Kan.) 298 P. 766, cited by the plaintiff. The court in the opinion says:

"This court cannot state a hard and fast rule by which it may be determined whether a sleeping guest is negligent or not negligent. If the guest knows the character of the automobile driver, knows that the driver's experience and skill qualify him to deal with road and traffic conditions likely to be encountered on a particular journey, and has no reason to anticipate that unusual or extraordinary situations will arise, it may be clear the guest would not be at fault if he took a nap. On the other hand, the circumstances might be such that it would be clear the guest ought to be awake and alert. Generally, the question will be one for the jury, and it would not be profitable to discuss a few of the infinite variety of fact situations which automobile driving may create. In this instance there is ground for a finding of recklessness on the part of the driver, and

in that event the contributory negligence of plaintiff is not of consequence."

In the case of Nelson v. Nygren (N.Y.) 181 N. E. 52, the New York Court has covered the question quite thoroughly. In its opinion the court says:

"In the last analysis, the rule governing a guest riding in an automobile is that he should conduct himself as an ordinarily prudent person would, under like circumstances. If he does, he cannot be held negligent as a matter of law. Following the language adopted in the days of the stage coach and other horse-drawn vehicles, courts often add that he should call attention to apprehended danger, protest against fast driving, leave the automobile, if it could be done with safety, or demand that it be stopped, and then get out of it. Such statements are only illustrations of what a reasonably prudent person might do under the circumstances. They do not constitute a legal standard of what a reasonably prudent person must do. The question is not whether the guest should protest against fast driving, call attention to apprehended danger, or demand that the car be stopped so that he could get out. The legal question is whether, under the circumstances, he acted with the care that a reasonably prudent man would have used under the circumstances.

"Who is to answer that question, the court or the jury? We believe it is for the jury to determine. The question of contributory negligence ordinarily is a question of fact. It is only when there is no dispute upon the facts and only one conclusion can be drawn therefrom that it may be decided as a question of law. To decide as a matter of law that, if a guest under circumstances like those in this case, should go to sleep in an automobile, he would be guilty of contributory negligence, would be to disregard realities and situations growing out of modern conditions."

See, also, McDermott v. Sibert (Ala.) 119 So. 681, and McAndrews v. Leonard (Vt.) 134 Atl. 710.

Another contention of the plaintiff is that a photograph identified as exhibit No. 3 was improperly admitted in evidence over the objection of the plaintiff. The record discloses that three photographs were admitted. The photographs show portions of the highway at or near the scene of the accident.

The objection of the plaintiff was that they were not properly identified. The record discloses that the photographs were identified by a witness as being photographs at or in the vicinity of the place where the accident occurred, and exhibit No. 3 is a photograph of the highway west of the bridge. The showing as to exhibit No. 3 is not as complete as it might be, but we think there was no error in the admission.

Photographs such as those shown in this record convey, perhaps, to a jury more accurately a description of the locality and conditions of the scene of the accident than descriptive testimony can do. It is our opinion that the plaintiff was not prejudiced by the admission of exhibit No. 3.

The plaintiff also contends that the court erred in sustaining the demurrer of the defendant T. A. Eaton to plaintiff's evidence, and in ruling out competent evidence offered by the plaintiff.

The plaintiff attempted to sustain a cause of action against the defendant T. A. Eaton, on the ground that T. A. Eaton, who was the grandfather of the defendant Russell Eaton, had purchased the car for and turned it over to Russell Eaton for him to use as he saw fit, knowing that Russell Eaton was a reckless, dangerous, and careless driver.

The evidence discloses that T. A. Eaton had a conversation with an attorney about a year prior to this accident. The attorney was making an adjustment of an accident that Russell Eaton had been involved in at that time, and in the process of negotiations T. A. Eaton told the witness that he knew the grandson (Russell Eaton) had been involved in another accident, and knew of the accident about which they were negotiating, and asked the witness not to prosecute for reckless driving, and that he knew the boy was a fast driver, and on cross-examination, the witness stated that T. A. Eaton said the boy was a fast driver and that he asked the witness not to prosecute the boy for reckless driving.

In addition to that testimony, the plaintiff offered to prove that defendant T. A. Eaton had previously purchased a car for Russell Eaton when he was under the age of 16 years and made an application to procure a driver's license for him, and that Russell Eaton had an accident prior to that time of which T. A. Eaton had knowledge, and that Russell Eaton had not been a safe driver. The offer was denied by the court.

The plaintiff in support of his contention cites a number of cases which hold that if an owner loans or entrusts his automobile to one who is a reckless, heedless, or incom-

petent driver, the owner is liable for the resulting injury due to the negligence of the driver.

Giving the evidence produced by the plaintiff to hold T. A. Eaton its most forcible construction against him, we think it amounts to a statement voluntarily made in a conversation foreign to this case, to the effect that T. A. Eaton knew that Russell Eaton was a fast driver. There is no direct testimony showing Russell Eaton to be an incompetent, heedless, or reckless driver. There is no evidence disclosing that the other accidents were caused by reckless or incompetent driving except the inference that may be drawn, that as to one accident the grandfather settled.

The judgment is affirmed.

The Supreme Court acknowledges the aid of Attorneys Carl Kruse, P. C. Simons, and J. Dawson Houk in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Kruse and approved by Mr. Simons and Mr. Houk, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion, as modified, was adopted.

OSBORN, C. J., and RILEY, WELCH, CORN, and HURST, JJ., concur.