FLANAGAN v. OKLAHOMA RY. CO.

No. 33340.   May 10, 1949.

*206 P. 2d 190.*

Laynie W. Harrod, of Oklahoma City, for plaintiff in error.

Richardson, Shartel, Cochran & Pruet and F. M. Dudley, all of Oklahoma City, for defendant in error.

LUTTRELL, J.   This action was brought by plaintiff, Flanagan, against defendant, Oklahoma Railway Company, to recover damages for personal injuries, medical care and hospital expenses, and damages to his automobile, all of said damages arising from a collision between plaintiff's automobile and one of defendant's streetcars, on February 23, 1946, at the intersection of North Olie and Northwest 7th streets in Oklahoma City.   The case was tried to a jury and the verdict and judgment were for defendant.   Plaintiff appeals.

Plaintiff pleaded negligence on the part of defendant on the ground that the streetcar was being operated at a greater speed than that allowed by the city ordinance, which ordinance was specifically pleaded, and negligence in that it failed to yield the right of way to plaintiff at the intersection in violation of another city ordinance; that it was careless and negligent in failing to note and observe the approach of plaintiff, and that the streetcar was driven into the intersection recklessly, heedlessly and without due care.   Defendant answered by way of general denial, pleaded contributory negligence both in the manner in which plaintiff operated his automobile, and in the violation of a city ordinance requiring him to make a signal before making a left hand turn into an intersection.

From the evidence it appears that the accident occurred at approximately noon on the date above mentioned; that plaintiff, proceeding south on North Olie street, made a left turn into 7th street in front of an approaching streetcar belonging to defendant; that the streetcar struck plaintiff's automobile, inflicting considerable damage both upon plaintiff and the automobile. The evidence as to the speed of the automobile, the speed of the streetcar, the making of a signal for a left-hand turn into 7th street by plaintiff, and the distance of the streetcar from the intersection at the time plaintiff made the turn into the intersection, was conflicting.

Plaintiff on appeal first contends that the trial court erred in refusing to permit plaintiff to offer proof that after the accident the operator of defendant's streetcar was arrested by the police officers, taken to the police station and found guilty in the police court of Oklahoma City of driving said streetcar in excess of the speed limit fixed by the city ordinance pleaded by plaintiff in his petition.   Plaintiff contends that such proof is authorized by 12 O. S. 1941 §381, which provides that the conviction of a witness for a crime may be shown for the purpose of affecting his credibility.   We are unable to agree with this contention.

In Wheatley v. State, 77 Okla. Cr. 122, 139 P. 2d 809, the Criminal Court of Appeals of this state held that a conviction for the violation of a municipal ordinance, which violation was not an offense against the state law, could not be shown to discredit the credibility of a witness, since such violation of the ordinance was not a crime.   This is the general rule: 70 C.J. p. 853, section 1052; 58 Am. Jur. p. 401, section 741.

Plaintiff next contends that the trial court erred in admitting in evidence, over his objection, a section of an ordinance of Oklahoma City which required the driver of any vehicle or animal upon the streets of the city, when making a turn to the left, to extend his left arm outward at full length from

his body at right angles, and in further instructing the jury in effect that such provision of the ordinance did not apply to the streetcar of the defendant. No authorities are cited in support of this contention. We think the instruction proper, since the provision of the ordinance above referred to is obviously inapplicable to streetcars.

Plaintiff's third and last contention is that the trial court erred in giving its instruction No. 15, which reads as follows:

"You are instructed, gentlemen of the jury, that it is the duty of every person, when going upon or across a streetcar track at a public crossing, to look in each direction and listen so as to ascertain whether or not any cars are approaching from either direction and a failure to do so would be a want of ordinary care."

This contention is well taken and must be sustained.

We have many times held that an instruction that if a certain state of facts is found to exist such facts constitute contributory negligence was erroneous and constituted reversible error. Folsom Morris Coal Minning Co. v. Scott, 107 Okla. 178, 231 P. 512; St. L. & S. F. Ry. Co. v. Jones, 78 Okla. 204, 190 P. 385, 16 A.L.R. 1048; Muskogee Electric Traction Co. v. Watkins, 96 Okla. 284, 222 P. 996. For other cases so holding see note 14 to article 23, section 6, O.S.A. Constitution. The proper instruction in such case is to define to the jury contributory negligence as that term is used in article 23, section 6, of the Constitution, and to submit the question to the jury. Southwestern Cotton Oil Co. v. Sawyer, 175 Okla. 87, 51 P. 2d 543; Mascho v. Hines, 91 Okla. 295, 217 P. 856; City of Hugo v. Nance, 39 Okla. 640, 135 P. 346.

Defendant urges that the instruction, if erroneous, did not constitute reversible error in that when taken together with the other instructions given it is apparent the jury was not misled thereby, citing Dalton v. Bilbo, 126 Okla. 139, 258 P. 274; Martin v. McLain, 184 Okla. 418, 87 P. 2d 1075, and other authorities.

In the instant case, by instruction No. 11, the jury was told that if it found that the driver of either vehicle failed to exercise ordinary care in the operation of his vehicle, such failure would constitute negligence. By instruction No. 16 the jury was told that if the plaintiff was guilty of contributory negligence which combined and concurred with the negligence of defendant to proximately cause the accident, then its verdict should be for the defendant notwithstanding it was shown to be negligent. By instruction No. 15, when considered in the light of instructions Nos. 11 and 16, the jury was in effect told that if plaintiff failed to look and listen when crossing the streetcar track at the intersection, he was guilty of contributory negligence.

In Muskogee Electric Traction Co. v. Tice, 116 Okla. 24, 243 P. 175, we said:

"Practically all of the latest decisions of the courts throughout the United States hold that the failure to look and listen by one approaching a street railway crossing is not, under all circumstances, negligence as a matter of law. Marshall Traction Co. v. Dunn (Tex. Civ. App.) 238 S. W. 692. There is no absolute duty upon the part of an automobile driver on approaching a crossing of a streetcar track to look and listen for the approach of cars, but the extent of his duty in that respect is an issue for determination by the jury."

The opinion cites numerous cases in support of this statement.

It thus appears that the above-quoted instruction erroneously placed upon plaintiff a duty in excess of any legal duty owing from him to defendant, and told the jury that his failure to perform such duty was a failure to exercise ordinary care. In City of Hugo v. Nance, supra, contributory negligence is defined as follows:

"Contributory negligence is a want of ordinary care upon the part of a

person injured by the actionable negligence of another, combining and concurring with that negligence, and contributing to the injury as the proximate cause thereof, without which the injury would not have occurred."

While it is true that, as asserted by defendant, the trial court did not in this instruction expressly state to the jury that a violation of this duty by plaintiff would require the rendition of a verdict for defendant, or tell the jury that plaintiff in fact failed to look and listen before going upon the streetcar track, it is obvious that the jury under said instruction would be required to return a verdict for defendant, if the evidence showed that plaintiff did not look and listen before entering the intersection, if it found that his failure to do so contributed in any wise to the injury, although the evidence also showed that the driver of defendant's streetcar was grossly negligent, and that such negligence was in fact the proximate cause of the injury.

The trial court should have given an instruction defining contributory negligence, and left to the jury the question of whether, under all the facts and circumstances as shown by the evidence, plaintiff was guilty of contributory negligence. Whether the plaintiff failed to exercise ordinary care in neglecting to look and listen when entering the intersection, or in any other respect, and whether such failure to exercise ordinary care in any respect amounted to contributory negligence, was a question solely for the determination of the jury, when considered with all the other facts and circumstances in the case. We think that the instruction given, when considered with the other instructions, invaded the province of the jury; that the trial court erred in giving the instruction, and that the error was not cured by the other instructions.

Reversed, with directions to grant plaintiff a new trial.

DAVISON, C.J., ARNOLD, V.C.J., and GIBSON, JOHNSON and O'NEAL, JJ., concur. HALLEY, J., concurs in conclusion. WELCH and CORN, JJ., dissent.