C. R. TAYLOR, Plaintiff in Error,

v.

E. G. BIRKS, Defendant in Error.

No. 37425.

Supreme Court of Oklahoma.

April 1, 1958.

Rehearing Denied May 13, 1958.

Rucker, Tabor & Cox, Tulsa, for plaintiff in error.

Robert W. Raynolds, Tulsa, J. W. Hastain, Tulsa, for defendant in error.

DAVISON, Justice.

By this action, the plaintiff, E. G. Birks, sought to recover damages for personal injuries received in an automobile wreck. The original defendants were Ruth Ester Happel, Harold H. Happel and Patsy Ruth Rutledge, partners doing business as H. J. Happel Company, and C. R. Taylor. Verdict and judgment were for the plaintiff against the last named defendant only and he has appealed. The parties will be referred to in the same order in which they appeared in the trial court.

The controversy, in so far as it is here presented, grows out of an undisputed factual situation. Early in the evening of March 19, 1955, the plaintiff and a Mr. Gateley had some whisky and then visited a tavern where they drank beer. They were using Mr. Gateley's car. Around 9:00 o'clock, they returned to the filling station operated by the plaintiff and, meeting the defendant there, asked him to accompany them on another visit to the tav-

ern. From there, the three of them went to another tavern. While at the latter, Gateley left in his car to go home. Subsequently, the plaintiff and defendant returned in a taxicab to plaintiff's place of business where they had left both of their automobiles. By that time it was near 11:00 o'clock and the plaintiff was intoxicated. Defendant, on the other hand, had drunk no whisky and only about a half bottle of beer during the entire evening. Defendant insisted on driving plaintiff home because plaintiff was in no condition to drive. He went to sleep almost immediately after defendant had helped him into the car and closed the door. Defendant drove at a speed of some 60 to 80 miles per hour through the city until he struck a slight depression which the other defendants had left after laying a sewer line across the street. At this point, defendant lost control of the automobile which skidded some 266 feet and crashed into a tree. As a result, plaintiff suffered severe and extensive injuries necessitating his hospitalization for three to four weeks and subsequent convalesence for approximately six months. This action was brought for the purpose of recovering damages for those injuries.

Although subdivided into several propositions, the entire defense here presented is founded upon the alleged contributory negligence of plaintiff in failing to act in his own safety by remonstrating with the defendant about the high speed or by demanding to be let out of the speeding automobile. The defendant testified that he would have honored either request. Specifically, the alleged errors committed by the trial court consist of the giving of certain instructions to the jury and the refusal to give other requested ones. Most serious objection was made to the giving of instruction No. 13, as follows:

"You are instructed that a passenger and guest in an automobile owes a duty to exercise reasonable care for his own safety by warning and demonstrating with the driver of the car at such time as he sees approaching danger or when the driver becomes reckless and careless in his driving. The passenger owes the duty to ask that the car be stopped or take such precautions as a reasonably prudent person would do under like or similar circumstances and a failure would constitute contributory negligence on the part of plaintiff. However, you are further instructed that if you find by a preponderance of the evidence that plaintiff was so intoxicated that he made a voluntary, unrestrained, non-contractual surrender of all care for himself to the caution of the driver and further find by a preponderance of the evidence that the defendant Taylor had knowledge of and recognized plaintiff's intoxicated condition and recognized that plaintiff's intoxication prevented him from caring for his own safety and that defendant Taylor knew that plaintiff was intoxicated to the extent that he could not exercise care for his own safety, then defendant Taylor owed plaintiff a duty to prevent injury to him by defendant Taylor's negligence, and the negligence of defendant Taylor could not be imputed to plaintiff, if you find that plaintiff had made a complete and unrestrained surrender of all care for himself to the caution of the driver and had become, in law mere freight in defendant's automobile, then plaintiff's failure to warn and remonstrate with defendant Taylor would not be contributory negligence."

In our consideration of the case, we are in no wise concerned with the imputability of the negligence of a driver to his passenger or guest and, for that reason, a number of cases, which otherwise might seem to have application, are of no importance. Of importance, however, are certain circumstances established by the testimony. One is that the defendant's sobriety was unquestioned. Another is that, because of intoxication at the time defendant insisted on driving him home, the plaintiff was unable to analyze or appraise any situation

and that condition was apparent to the defendant. The circumstance of defendant's sobriety definitely distinguishes the instant case from that of Equels v. Tulsa City Lines, 194 Okl. 79, 147 P.2d 460, and those of Lynn v. Goodwin, 170 Cal. 112, 148 P. 927, L.R.A.1915E, 588, and Franco v. Vakares, 35 Ariz. 309, 277 P. 812, cited therein. There is the same distinction relative to the case of Sand Springs Ry. Co. v. McWilliams, 170 Okl. 85, 38 P.2d 539. In the case of Conner v. Burdine, 120 Okl. 20, 250 P. 109, 110, an intoxicated guest, without authority and in the temporary absence of the driver, took the automobile and drove it into a collision with another car. The driver and owner of the car driven by defendant sued for damage done to his car and the defendant guest claimed plaintiff was negligent in not preventing defendant from driving. In the opinion, it was said that, "Drunkenness will never excuse one for a failure to exercise the measure of care and prudence which is due from a sober man under the same circumstances." In that case the defendant placed himself in the dangerous situation. Here, however, the guest was placed in a position of danger by the driver who now says plaintiff should have protected himself.

The most nearly similar case which we have been able to find upon independent investigation is that of Sanders v. H. P. Welch Co., 92 N.H. 74, 26 A.2d 34, 36. Therein, Sanders "was obviously in no condition to drive and Adler accordingly helped him into the front seat and took the wheel himself." "The record, however, contains ample evidence of his (Adler's) sobriety." A collision between their car and a large parked truck on the highway resulted in Sanders' death. In the body of the opinion the court says, "It is obviously assumed (by the defendant) that Sanders' conduct should be judged as though he had consciously selected Adler for a driver, whereas the fact is that he had no voice in the matter at all. Adler, having taken control of the situation as a volunteer, no question of Sanders' judgment in picking him out as a driver could arise, and there is no rule of law which makes a drunken man legally responsible for the conduct of any one who undertakes to see him home."

If the instant case be viewed in the light of the general law of negligence, plaintiff's conduct had to be a breach of a duty in order to be negligent. Therefore, unless the duty existed, no breach could occur. In the cases hereinabove cited, each of the several plaintiffs voluntarily placed himself in such a situation that there was a question of fact for the jury as to the existence of a duty and a breach. Such was the situation also in the case of Anderson v. Eaton, 180 Okl. 243, 68 P.2d 858, wherein plaintiff fell asleep while riding. But here, the plaintiff became intoxicated before becoming a guest and not afterward. He had no way of anticipating that he would be a passenger in the defendant's automobile. He could not be charged with a duty arising from a situation in which he had been unknowingly placed. The defendant should certainly not be allowed to rely upon a defense which he had created. The trial court, under the evidence, should have determined as a matter of law that no issue of fact as to contributory negligence existed for determination by the jury.

The earlier opinions by this court indicated that Art. XXIII, sec. 6 of the Oklahoma Constitution required a trial court to submit the issue of contributory negligence to the jury if the same had been plead. However, beginning with the decision in the case of Denco Bus Lines, Inc., v. Rose, 203 Okl. 466, 467, 224 P.2d 260, 261, it was stated as follows:

"In order for it to be necessary to instruct on the question of contributory negligence there must be some evidence produced at the trial, either by the plaintiff or by the defendant, from which contributory negligence could be inferred or presumed."

■ ■ In the case now before us, no duty on the part of plaintiff was shown to exist. There being no duty, there could. be no negligence by reason of a breach. Therefore, it was not necessary to instruct

on the question of contributory negligence. But the trial court did instruct on it and defendant asserts that the instructions given did not leave to the jury the determination of all the facts. Had there been sufficient evidence to warrant instructions on contributory negligence and assuming that those given were improper, they were more favorable to plaintiff in error than he was entitled to and consequently do not constitute reversible error. Farmers State Bank v. Bush, 190 Okl. 405, 124 P.2d 385; Pact Gas Co. v. Baker, 203 Okl. 124, 218 P.2d 912; American Life Ass'n v. Rogers, Okl., 281 P.2d 183.

The conclusions reached on the propositions discussed would make a discussion of the other points argued in the briefs merely cumulative.

The judgment is affirmed.

WELCH, C. J., CORN, V. C. J., and HALLEY, JOHNSON, and CARLILE, JJ., concur.

WILLIAMS, BLACKBIRD and JACKSON, JJ., dissent.

WILLIAMS, Justice (dissenting).

The instructions complained of in this case are Nos. 13 and 16. Instruction No. 13 is set out in full in the majority opinion. Instruction No. 16, which is not set out, is as follows:

"You are further instructed that if you find from a preponderance of the evidence that the defendant, C. R. Taylor, was guilty of any acts of negligence alleged in plaintiff's petition and that the defendant Happel, was also guilty of negligence which contributed to or commingled with the negligence of C. R. Taylor, and further find that plaintiff was not guilty of contributory negligence, then your verdict should be for plaintiff as against both defendants. However, if you find that there was no negligence on the part of Happel, or that such negligence, if any, did not contribute to, commingle with, or was not the proximate cause of the injuries to plaintiff, then your verdict should be for the defendant Happel. If you find by preponderance of the evidence that plaintiff did not exercise ordinary care and caution for his own safety and that plaintiff did not make a voluntary, unrestrained surrender of all care for himself to the caution of the driver and had not become mere freight in the car, then your verdict should be for the defendant Taylor."

I believe that the court erred in giving both of such instructions. A careful analysis of instruction 13 reveals that in the first part thereof, the court told the jury, in effect, that a failure on the part of plaintiff to ask that the car be stopped or to warn and remonstrate with the driver would constitute contributory negligence on the part of the plaintiff, and in the last part thereof the court told the jury, in effect, that such failure would not be contributory negligence if plaintiff was so intoxicated that he could not exercise care for his own safety. Both portions of such instruction are objectionable. This court has many times held that an instruction to the effect that a certain state of facts would or would not constitute contributory negligence was erroneous and constituted reversible error. City of Norman v. Sallee, 205 Okl. 419, 238 P.2d 292. Flanagan v. Oklahoma Ry. Co., 201 Okl. 362, 206 P.2d 190; Folsom-Morris Coal Mining Co. v. Scott, 107 Okl. 178, 231 P. 512; St. Louis & S. F. R. Co. v. Jones, 78 Okl. 204, 190 P. 385, 16 A.L.R. 1048; Muskogee Electric Traction Co. v. Watkins, 96 Okl. 284, 222 P. 996. Under Sec. 6, Art. 23 of the Constitution of this state, the jury alone can determine whether such facts as they find to exist constitute contributory negligence, and the court should not invade the province of the jury by instructing them that a certain fact or circumstance, or a given set of facts or circumstances, does or does not constitute contributory negligence. The court should simply define the meaning of the term "contributory negligence" and submit the question to the jury. Kenty v. Spartan Aircraft Company,

Okl., 276 P.2d 928, and cases therein cited. In the opinion in St. Louis-San Francisco Ry. Co. v. Robinson, 99 Okl. 2, 225 P. 986, 987, this court said:

"Article 23, section 6 of the state Constitution, provides that—

" 'The defense of contributory negligence or of assumption of risk shall, in all cases whatsoever, be a question of fact, and shall, at all times, be left to the jury.'

"Except for said constitutional provision, it might be said, as a matter of law, that the negligence of the plaintiff appearing from his own testimony, would preclude his recovery. Said constitutional provision has deprived the court of this function as to the matter of contributory negligence when same is an issue. See Dickinson v. Cole [74 Okl. 79], 177 P. 570. On error to the Supreme Court of the United States in that case (Chicago, R. I. & P. R. Co. v. Cole, 251 U.S. 54, 40 S.Ct. 68, 64 L.Ed. 133), it was held that—

" 'The federal Constitution does not prevent the states from leaving the defense of contributory negligence to the jury in all cases, those in which it is a mere question of law as well as those in which it is a question of fact.'

"By their verdict the jury found that plaintiff was not guilty of contributory negligence. Though this involved a question of law, the Constitution conferred upon the jury the power to pass upon the same. Mr. Justice Holmes, for the highest court in the land, in that case said:

" ' * * * The material element in the constitutional enactment is not that it called contributory negligence fact but that it left it wholly to the jury. * * * As it (the state) may confer legislative and judicial powers upon a commission not known to the common law, * * * it may confer larger powers upon a jury than those that generally prevail. Provisions making the jury judges of the law as well as of the facts in proceedings for libel are common to England and some of the states, and the controversy with regard to their powers in matters of law more generally as illustrated in Sparf v. United States, 156 U.S. 51, 15 S.Ct. 273, (39 L.Ed. 343, 10 Am. Cr.Rep. 168) and [State of] Georgia v. Brailsford, 3 Dal. 1, 4 (1 L.Ed. 483, 484) shows that the notion is not a novelty. In the present instance the plaintiff in error cannot complain that its chance to prevail upon a certain ground is diminished when the ground might have been altogether removed.' "

The last sentence in instruction No. 16, above quoted, is subject to the same objection as Instruction 13, in that the court told the jury that their verdict should be for defendant Taylor if they should find by preponderance of the evidence that plaintiff did not exercise ordinary care and caution for his own safety, *and that plaintiff did not make a voluntary, unrestrained surrender of all care for himself to the caution of the driver and had not become mere freight in the car,* the emphasized portion of such sentence being entirely improper and constituting an invasion of the province of the jury.

The majority opinion, while not approving the instructions in question, holds that the giving of such instructions was not reversible error because there was no evidence from which contributory negligence could be inferred or presumed and that defendant was not entitled to any instructions on the question of contributory negligence at all. In fact, the majority opinion holds that under the evidence in this case the trial court should have determined as a matter of law that no issue as to contributory negligence existed for deter-

mination by the jury. In so holding, this court is committing the same error that the trial court committed, that is, it is holding as a matter of law, that a certain set of facts or circumstances does not constitute contributory negligence, which is the very thing the constitutional provision above cited prohibits.

As I see it, the question presented to this court is not whether the failure of an intoxicated passenger to remonstrate with the driver concerning the speed of the car or to otherwise exercise ordinary and reasonable care for his own safety, constitutes contributory negligence, but rather the question presented is, who is to determine whether such conduct constitutes contributory negligence. This point is aptly stated and answered in the opinion in Anderson v. Eaton, 180 Okl. 243, 68 P.2d 858, 859, in the following language:

"The plaintiff contends that the issue of contributory negligence was not an issue and improperly submitted to the jury for the reason that Leonard Anderson was asleep and therefore not negligent, and to support his position, he cites several cases to the effect that it is not contributory negligence, as a matter of law, for guests to be asleep in an automobile at the time of a collision. That is not plaintiff's case here. The question in the case at bar is: Who is to determine the question of contributory negligence, the court or the jury? If plaintiff's position be sustained, the court would determine the question as a matter of law."

The constitution plainly provides and the above cited cases all hold that it is the jury who must determine the question of contributory negligence and not the court.

I therefore respectfully dissent.

I am authorized to state that Mr. Justice BLACKBIRD concurs in the views herein expressed.