W. H. POTTORFF et al., *Appellees*, v. S. H. WARD, *Appellant*.

No. 17,771.

SYLLABUS BY THE COURT.

1. CONTRACT—*Threshing—Breach—Damages*. Where a thresherman agreed with an owner of wheat to cease threshing for a time within which necessary repairs should be made upon the machinery, and threshing was resumed contrary to the agreement, causing the destruction of wheat by fire in the absence of the owner, who had relied upon the agreement, the loss thereby caused should fall upon the party violating the agreement.

2. ——— *Instruction — Negligence*. An instruction that notwithstanding the agreement the thresherman could not be held liable unless the fire was caused by negligent operation of the machine is erroneous.

Appeal from Ford district court.  Opinion filed July 6, 1912.  Reversed.

*Madison & Van Riper,* of Dodge City, for the appellant; *Lee Bond,* and *M. N. McNaughton,* both of Leavenworth, of counsel.

*Thomas A. Scates,* and *Albert Watkins,* both of Dodge City, for the appellees.

The opinion of the court was delivered by

BENSON, J.: This action was to recover a balance due for threshing wheat.  The appellant filed a counterclaim for damages for the loss of wheat burned while the threshing was in progress.  He offered evidence tending to prove the following facts, viz., that the threshing machine was defective and caused waste; that complaint was made and repairs were promised, but the loss continued, and the appellant, owner of the wheat, requested appellees, the owners of the threshing machine, to stop work until the next afternoon when the defects were to be remedied; that this was agreed to, and thereupon the appellant withdrew his help engaged in hauling wheat and neither he nor his employees returned the next morning, relying upon the agreement to cease work.  The appellees, however, resumed threshing the next morning and shortly afterwards two stacks of wheat were destroyed by fire in operating the machine.  Evidence was offered by the appellees tending to prove that such an agreement had not been made.

The court instructed the jury upon this issue that even if they found that the agreement had been made and was violated by the appellees they could not charge them with the loss unless the fire was caused by their negligence.  This instruction eliminated the agreement altogether, for without it the appellees would be liable for negligent destruction of the wheat.  If the agreement was made and the work which was resumed·

contrary to its terms caused the loss at a time when the appellant and his employees, relying upon it, were absent and so unable to protect the wheat from fire, the resulting loss should fall upon the parties violating the agreement. That they operated their machinery carefully is not a sufficient reason for the breach of their agreement not to operate it at all during the designated time. The instruction was therefore erroneous.

If the appellees had entered the premises and proceeded to thresh the wheat in the first instance without the knowledge or consent of the owner and had thereby destroyed it they would have been liable for the resulting loss without regard to negligence. (*Wetzel v. Satterwhite*, [Tex. Civ. App. 1910] 125 S. W. 93; Field, The Law of Damages, § 732.) A loss caused by the resumption of operations without the knowledge or consent of the owner within the time covered by the agreement can not be distinguished in principle. But for the agreement, upon which he had the right to rely, the owner might have protected his property from hazard and loss.

Whether an agreement as alleged was made and whether the fire was caused by operation of the machinery were questions of fact for the jury.

The judgment is reversed and the cause remanded for a new trial.