## ABSHIRE v. ANDERSON.

No. 21299. Opinion Filed Nov. 22, 1932.

Rehearing Denied Jan. 31, 1933.

N. E. McNeill and Wallace & Wallace, for plaintiff in error.

Hughes & Ellinghausen, for defendant in error.

KORNEGAY, J. This is a proceeding in error to review the action of the district court in directing a verdict in favor of the plaintiff in a suit upon a promissory note, and entering judgment against plaintiff in error for the amount of it with costs. The petition was filed on the 26th of May, 1928, and Ross Investment Company and F. W. Abshire were made defendants in the suit. It was alleged in the petition that, prior to the maturity of the note, it was indorsed by defendant F. W. Abshire as surety. The note was set out, and demand was made for judgment against both parties.

The court, after the evidence was in, and after hearing argument, directed the jury to return a verdict for the plaintiff for the amount of the note.

Brief has been filed with a statement of the case and the testimony, with assignments of error, all of which are embraced in the argument under the head of the court's having erred in directing the verdict, and numerous cases are cited. An answer brief is filed controverting the position and citing the statutes and numerous cases.

The point involved in this case appears to be whether there was a consideration for the indorsement. The indorsement was admitted. Section 11323, Okla. Stats. 1931, is as follows:

"Every negotiable instrument is deemed prima facie to have been issued for a valuable consideration; and every person whose signature appears thereon to have become a party thereto for value."

Section 11324 is as follows:

"Value is any consideration sufficient to support a simple contract. An antecedent or pre-existing debt constitutes value; and is deemed such whether the instrument is payable on demand or at a future time."

Section 11325 is as follows:

"Where value has at any time been given for the instrument, the holder is deemed a holder for value in respect to all parties who became such prior to that time."

Section 11327 is as follows:

"Absence or failure of consideration is matter of defense as against any person not a holder in due course; and partial failure of consideration is a defense pro tanto whether the failure is an ascertained and liquidated amount or otherwise."

Section 11328 is as follows:

"An accommodation party is one who has signed the instrument as maker, drawer, acceptor, or indorser, without receiving value therefor, and for the purpose of lending his name to some other person. Such a person is liable on the instrument to a holder for value, notwithstanding such holder at the time of taking the instrument knew him to be only an accommodation party."

An effort was made by the plaintiff in error to establish that this indorsement was made after the maturity of the paper and several months after the instrument was made, the defense being no consideration. Under these sections, the burden was on the plaintiff in error to prove those defenses. Section 11344, Okla. Stat. 1931, is as follows:

"Except where an indorsement bears date after the maturity of the instrument, every negotiation is deemed prima facie to have been effected before the instrument was overdue."

The trial court was of the opinion that the burden of establishing the failure of consideration was not only not met by the plaintiff in error, but that he practically admitted that there was a consideration for his indorsement. If there was, the trial court did right in directing the verdict.

In reviewing the proceedings, one must take into consideration the pleadings as being the most solemn statements of the conditions. The answer was not verified. The indorsement of the note imported a consideration. The pleading of the plaintiff in error, when examined, was a practical admission that the indorsement was made by him, the purpose being to enable the defendant in error, who made the loan, to collect out of the proceeds $4,000 owing him by the principal debtor.

In the opening statement there was some variation from the pleadings, but that did not make out of it a case of want of consideration for the indorsement. Whether we consider that the indorsement, according to the pleading and the admitted transaction about the $4,000, was made cotemporaneous with the loan, or whether it was made pursuant to a promise on the part of the plaintiff in error to make the indorsement with a view of helping the plaintiff collect what was due him from these other

parties, would make little difference. However, when one analyzes the situation and takes the testimony of the plaintiff in error, as to his relation to the parties that were to get the money, and the anxiety of his bank to have them get it, and the fact that he considered himself the bank in large measure, and that the bank's loan had been made by himself as managing officer, it is hard to see or to say that there was not a consideration, and a very valuable one, to the indorser who procured the plaintiff below to make the loan to a debtor of the bank to enable it to function, and make money to meet its obligations.

It is further clear that if the pleading is to be followed, the indorsement was practically cotemporaneous, and formed part of the original transaction resulting in the loan, from which the plaintiff in error profited personally and directly in the shape of getting a $600 bonus for its negotiation. On the other hand, if one should follow his testimony as given, it is clear that the inducement for signing his name, as an indorser on the paper, went back to the original transaction, even though the paper may have been signed several months after.

We do not believe that with the burden upon the defendant below, the present plaintiff in error, and the admission of the indorsement, and explanation made therefor by the plaintiff in error, and the evidence that was before the lower court, that had the court allowed the case to go to the jury, and they had found in favor of the plaintiff in error, it would have been justified in letting the verdict stand. Under those conditions the lower court was justified in giving peremptory direction to the jury to find in accordance with the terms of the indorsement, the execution of which was practically admitted, the only variation being as to the time. The pleading, however, practically showed that it was indorsed prior to the payment of the debts of the various affiliated companies, with the proceeds of the loan that had been negotiated by the defendant below, who indorsed the paper. It may be that at the time of the indorsement, the plaintiff in error thought that the security was ample, and it may be that the defendant in error so thought, but the paper was indorsed, and we think that the lower court did right in holding the defendant was liable on the facts that were admitted.

The case is accordingly affirmed.

LESTER, C. J., and RILEY, HEFNER, CULLISON, SWINDALL, and ANDREWS, JJ., concur. McNEILL, J., not participating. CLARK, V. C. J., absent.