## SMITH v. TEXAS PIPE LINE CO.

No. 24135.   March 5, 1935.

Rehearing Denied April 16, 1935.

Edw. J. Gilder and Herbert E. Smith, for plaintiff in error.

J. H. Hill, John R. Ramsey, B. W. Griffith, and Sol. H. Kauffman (Harry T. Klein, of counsel), for defendant in error.

PHELPS, J. The parties herein will be referred to as they appeared in the trial court. On December 8, 1925, by written instrument, plaintiff granted to defendant an easement upon, over, and through a 40-acre tract of land he owned in Okmulgee county, giving defendant the right "to operate and maintain a pipe line for the transportation of oil or gas * * * also the right to operate and maintain upon, over, and through said land a line of poles and telegraph and telephone wires therein." Said instrument contained a provision as follows:

"And by the acceptance hereof the grantee agrees * * * to pay any and all damages to crops, fences and land which

may be suffered from the construction, operation, or maintenance of such pipe lines."

On November 27, 1929, plaintiff filed his action in the district court of Okmulgee county in which he alleges that defendant in operating and maintaining said pipe and telegraph and telephone lines had "cut down and destroyed and rendered worthless to plaintiff" not less than 25 pecan trees, of the total value of $725, and prayed judgment against defendant in that amount Defendant filed its answer denying generally the allegations of plaintiff's petition and also pleading that plaintiff's cause of action, if any he had, accrued more than two years prior to the time of the filing of this suit and that same was, therefore, barred by the statutes of limitation under subdivision 3, of section 185, C. O. S. 1921 (101, O. S. 1931).

With the issues thus joined, the cause was tried to a jury, resulting in a verdict and judgment for defendant, from which this appeal is prosecuted.

It is plaintiff's contention that his cause of action was one arising solely upon the covenant of defendant in the written contract "to pay any and all damages to crops, fences or land," and he insists that the trial court committed reversible error in giving instruction numbered 2, which reads as follows:

"You are instructed that the mere fact that injury and damage may have occurred to plaintiff's land and the pecan trees described in his petition, carries with it no presumption of **negligence** or liability upon the part of defendant therefor, but the burden is upon the plaintiff to prove by a fair preponderance of the evidence that the defendant was **negligent,** as alleged in the petition, and that such **negligence** was the direct and proximate cause of such damage or injury, before plaintiff can recover herein."

After thoroughly examining the record it is our conclusion that this assignment of error is well taken. This instruction was given by the trial court, evidently upon the theory that the action was one in tort and that plaintiff's right to recover was dependent upon some form of negligence on the part of defendant; but as a matter of fact, by reference to the pleadings, this conclusion is not justified. From the wording of plaintiff's petition it is clear that it was his intention to bring a suit for breach of the contract to pay for damages to the land. This, in our opinion, he had

the right to do. Pottorff et al. v. Ward (Kan.) 125 P. 80, is authority for this conclusion. Part of the opinion reads as follows:

"The action was to recover a balance due for threshing wheat. The defendant filed a counterclaim for damages for the loss of wheat burned while the threshing was in progress. Evidence was offered by the defendant tending to prove the following facts, viz.: That the threshing machine was defective and caused waste; that complaint was made and repairs were promised but the loss continued, and the appellant, owner of the wheat, requested appellee, the owner of the threshing machine, to stop work until the next afternoon when the defects were to be remedied; that this was agreed to, and thereupon the appellant withdrew his help engaged in hauling wheat, and neither he nor his employees returned the next morning, relying upon the agreement to cease work. The appellee, however, resumed threshing the next morning, and shortly afterwards two stacks of wheat were destroyed by fire in operating the machine. Evidence was offered by the appellee tending to prove that such an agreement had not been made.

"The court instructed the jury upon this issue that even if they found that the agreement had been made, and was violated by the appellee, they could not charge him with the loss, unless the fire was caused by his negligence. This instruction eliminated the agreement altogether, for without it the appellee would be liable for negligent destruction of the wheat. If the agreement was made, and the work which was resumed contrary to its terms caused the loss at a time when the appellant and his employees, relying upon it, were absent, and so unable to protect the wheat from fire, the resulting loss should fall upon the party violating the agreement. That he operated his machinery carefully is not a sufficient reason for the breach of his agreement not to operate it at all during the designated time. The instruction was therefore erroneous."

The petition was filed and the evidence of plaintiff introduced upon this theory of the case, and not upon the ground that defendant had been guilty of negligence. It is a well-settled rule of law that the instructions of the court to the jury must be predicated upon the pleadings and the evidence introduced thereon. In C., R. I. & P. Ry. Co. et al. v. Spears, 31 Okla. 469, 122 P. 228, in the second paragraph of the syllabus this court used the following language:

"An instruction upon a material issue,

not raised by the pleadings, when excepted to, is reversible error. Evidence predicated upon such issue, not raised, introduced over objection, on the ground that the same was incompetent, because no such issue had been joined, and the pleadings not having been amended to raise such issue, is improperly admitted."

Plaintiff also complains of instructions numbered 9 and 11, wherein the court instructed the jury that before plaintiff could recover he must show that the damages, if any, occurred within two years immediately preceding the filing of the suit. This instruction, no doubt, was based upon paragraph 4 of defendant's answer, pleading the statute of limitations, which, in our judgment, was an erroneous conception of the issues, in view of the fact that this is an action to recover damages upon a written contract and comes under the first subdivision of section 185, C. O. S. 1921 (101, O. S. 1931), providing that "An action upon any contract, agreement or promise in writing" must be filed within five years. The contract in the instant case was a contract in writing agreeing to pay for "damages to crops, fences or lands." Clearly, the trees grown upon the land are part of the real estate, as defined by section 8397, C. O. S. 1921 (11724, O. S. 1931). In our judgment, the court committed reversible error in giving these instructions.

The judgment is, therefore, reversed and the cause remanded, with instructions to the district court to grant a new trial.

McNEILL, C. J., and RILEY, BUSBY, and GIBSON, JJ., concur.