## FARMERS STATE BANK et al. v. BUSH et al.

No. 29909. April 7, 1942.

*124 P. 2d 385.*

Omar M. Hudson, of Stigler, and L. C. Tirey, of Quinton, for plaintiffs in error.

W. G. Stigler and E. O. Clark, both of Stigler, for defendant in error Mollie Bush.

RILEY, J. This action was commenced June 12, 1936, by the Farmers State Bank of Quinton, Okla., to obtain a judgment against Shelton Bush and Mollie Bush, husband and wife, upon a promissory note, and for foreclosure of a real estate mortgage given to secure it.

Plaintiff's petition contained the usual averments of the execution of the note and mortgage, and alleged default in the payment of said note in the sum of $391.85. Copies of the note and mortgage were attached to the petition.

Defendants filed their second amended answer admitting the execution of the note and mortgage. They then alleged in substance a contemporaneous oral agreement with the bank by and through O. B. Ross, one of its officers who represented the bank in said matter, that if defendants wanted to accept the loan from said bank and execute the note and mortgage, the bank would, out of the proceeds of said loan, take up and pay such taxes as were then due on the land, amounting approximately to $314.98, pay a doctor bill then owing to Dr. W. A. Thompson in the sum of $50, and in addition would allow defendants a sum sufficient to buy a team, and sufficient money with which to make a crop that year; that at the time defendants were negotiating with the Federal Land Bank for a loan for such purposes to be secured by a mortgage on said land, and that plaintiff bank, through its said officer, came to them and induced them to take the loan from its bank for said purposes, and that said note and mortgage were executed by defendants under and in consideration of said promises and agreements; that instead of carrying out its agreement plaintiff proceeded to and did charge against the proceeds of said note three notes executed by one Dee Burk, aggregating about $256.50, and had charged defendants with certain unauthorized expenses of procuring an abstract and having same examined, amounting to $61.75; that the taxes against said land remained unpaid; that plaintiff had sold certain cattle belonging to defendants by virtue of a chattel mortgage which it held for the sum of $150 and applied said sum to the payment of the note here involved without right or authority.

Defendants admitted that at the time they executed the note here involved in the sum of $511.50 they owed plaintiff the sum of $60; that they had received no part of the consideration expressed in said note other than the $60, and

prayed for judgment against plaintiff for the difference, viz., $451.50.

Thereafter, on November 26, 1937, plaintiff filed suggestion of death of defendant Shelton Bush, alleging that Leotis Altizer had been duly appointed administrator of Shelton Bush's estate, and moved the court that the action be revived in the name of Leotis Altizer, administrator of said estate.

The order of reviver was made and Leotis Altizer, as administrator of the estate of Shelton Bush, was made a party defendant. On November 18, 1939, T. E. Green filed a motion that he be substituted as plaintiff, alleging therein that the note and mortgage in question had been duly and regularly assigned and transferred to him, and that he (T. E. Green) was the real party in interest as plaintiff. Defendant Mollie Bush objected to such substitution on the ground that it would prejudice her in her defense and in her counterclaim against the bank. The court made T. E. Green an additional party plaintiff.

The cause was tried to a jury resulting in a verdict in favor of plaintiff and against R. L. Davis, administrator of the estate of Shelton Bush, fixing the amount of recovery at $391.85, with interest from June 6, 1936, at 10 per cent per annum, and $50 attorneys' fee. This amounted to a general verdict in favor of defendant Mollie Bush. The verdict was based upon instructions from the trial court fully advising of the manner, under the law, applicable to the facts, by which the verdict might be returned for plaintiffs or defendants, or defendant as aforesaid. (Incidentally, it does not appear how R. L. Davis came in as administrator, but no question is raised as to that.)

Judgment was entered on the verdict as to the administrator and that plaintiffs take nothing as against defendant Mollie Bush, and denying foreclosure of the mortgage. Plaintiffs appeal and file a joint petition in error presenting five assignments of alleged error in addition to the general assignment of error in overruling the motion for a new trial.

The first assignment presented is that the verdict is not sustained by the evidence and is contrary to and in disregard of the court's instruction. Under this proposition plaintiff argues only the proposition that the verdict is contrary to and in disregard of the court's instruction. In this connection plaintiffs point out instruction No. 2, given by the court, to the effect that if the jury should find from the evidence that the note and mortgage were executed in due course of business, and that defendants received the proceeds therefrom, then the verdict should be for the plaintiffs for the amount sued for.

It may be noted that the instruction mentioned is but one of a number of instructions given. It fairly presented the theory of plaintiffs. Other instructions were given going to the theory of defendants, and particularly the theory of defendant Mollie Bush. The instructions are to be considered as a whole. In so doing, consideration must be given to those instructions presenting the theory of defendant as well as those presenting the theory of plaintiff.

Considering the instructions as a whole, it cannot be said that the verdict is contrary to or in disregard of the court's instructions.

Assignments 3 and 4 are presented together and go to the sufficiency of the evidence. In this connection plaintiffs assert that the burden of proof was upon defendant Mollie Bush to defeat the note as to her. The trial court so held and instructed the jury that defendants having admitted the execution of the note and mortgage, the burden of proof was upon them to prove the allegations of their pleadings.

Plaintiffs assert, however, that defendant Mollie Bush did not sustain said burden and in connection therewith cite a number of cases such as Abshire v. Anderson, 161 Okla. 285, 18 P. 2d 862; First State Bank v. Lucas, 168 Okla. 406, 33 P. 2d 622, and other similar cases.

Examination of the cases cited will show that they are for the most part

cases upholding the trial court in sustaining demurrers to evidence, or granting motions for directed verdict where there was no competent evidence reasonably tending to prove the allegations relied upon by the parties against whom the motions were directed. Such is not the case here. There is direct conflict in the evidence, but it cannot be said that there was no evidence reasonably tending to support the verdict in favor of defendant Mollie Bush. The issues pleaded were for the jury. The verdict of the jury will not be reversed, for there is some evidence reasonably tending to support it.

There was evidence reasonably tending to prove defendants' claim of contemporaneous oral agreement between the parties. If this was a good defense, there is evidence reasonably tending to support that defense.

It is next contended that the trial court erred in giving instruction No. 3. Said instruction told the jury that in the event they should find and believe from the evidence that Shelton Bush, deceased, executed the note and mortgage for and in consideration of the application of the proceeds of the note as they were actually applied, then the estate of Shelton Bush would be liable for the full amount of the indebtedness. It is asserted that this was error, for the reason that plaintiffs never sought a judgment against the estate of Shelton Bush, and no claim was filed with or presented to the administrator as required by law. In support of their claim of error plaintiffs cite Smith v. Texas Pipe Line Co. of Oklahoma, 171 Okla. 573, 41 P. 2d 841, and Chicago, R. I. & P. R. Co. v. Spears, 31 Okla. 469, 122 P. 228, which hold that an instruction given upon a material issue not raised by the pleadings and evidence is reversible error.

That is the rule, but it is applicable only where the error is against the party objecting thereto. A party may not complain of an error committed in his favor. Here, if there was error, it was in favor rather than against the plaintiff. It permitted a verdict and judgment in their favor as against the estate of Shelton Bush, to which plaintiffs claim they were not entitled. Chicago, R. I. & P. R. Co. v. Johnson, 25 Okla. 760, 107 P. 662; Foreman v. Henry, 87 Okla. 272, 210 P. 1026; Smith v. Pulaski Oil Co., 88 Okla. 47, 211 P. 1047.

Finally, it is contended that the court erred in admitting in evidence a contract in writing between plaintiff T. E. Green and Leotis Altizer, administrator of the estate of Shelton Bush, relating to the sale of the land in question by said administrator to plaintiff Green.

The contract was admissible to show that plaintiff Green had actual knowledge of the pendency of this action at the time he claims to have purchased the note and mortgage and procured the assignment. The admission of said contract was not and could not be prejudicial to plaintiffs. It was plaintiff Green's contract and was admissible against him. It was not prejudicial to the bank, because it had a tendency to explain why plaintiff Green thereafter took an assignment of the note and mortgage.

The judgment is affirmed.

WELCH, C. J., CORN, V. C. J., and OSBORN, GIBSON, and HURST, JJ., concur. BAYLESS, DAVISON, and ARNOLD, JJ., absent.