## NEWTON v. PAUL.

No. 33917.   Nov. 14, 1950.

*224 P. 2d 265.*

W. R. Banker and A. Camp Bonds, both of Muskogee, for plaintiff in error.

Kay Wilson, Jr., of Muskogee, for defendant in error.

ARNOLD, V. C. J. From the pleadings and the evidence it reasonably appears that on July 13, 1946, Joe Paul, or one of the employees in his place of business, cashed a check for one J. W. Parks, payee, the check having been issued by W. M. Newton, doing business as the Oklahoma Sheet Metal and Boiler Works. It was customary in Paul's place of business to place all of a day's receipts, including cash, checks, and charge tickets, in a small bag which was placed in his safe. On July 14, 1946, Paul's place of business was burglarized and the bag containing the previous day's receipts was taken. The 13th and 14th of July that year fell on Saturday and Sunday. On Monday, the 15th of July, Paul notified Newton of the loss of the check and requested that he stop payment at the bank. Payment was stopped but there is no positive testimony as to who made the stop order as the official at the bank who took the stop order did so over the telephone and was unable to identify the voice. Paul made demand on Newton for payment of the check and tendered to him an indemnity bond to protect him against reappearance of the check in the hands of an innocent holder. Payment was refused, Newton denying that he ever issued such a check or stopped payment thereon. Parks, the payee, was regularly employed by Newton at a salary of $42 per week, the amount here involved, and Paul had frequently cashed these salary checks for Parks prior to the one here involved.

There was a verdict and judgment in favor of plaintiff for the amount sued for with interest at the rate of 6 per cent until paid. For reversal of the judgment Newton alleges that the court committed prejudicial error in admitting certain testimony of J. W. Parks, certain testimony of Marion Hayes, the head bookkeeper for the bank on which the check was drawn, and in giving instructions numbered 5 and 7.

The testimony of Parks, the payee, which is assigned as error, was his statement brought out by plaintiff that Paul told him of the loss of the check. If this was error, as claimed, it was harmless for the reason that Newton while upon the stand in his own behalf testified that Paul made the same statement to him and that Paul tendered an indemnity bond to protect him from loss if he paid the amount of the check.

Hayes's testimony which is relied upon as being prejudicial was his statement that he received an order over the phone to stop payment on this check and that he did put a stop payment order on the check. He did not identify the person directing the stop order, and said that he did not recognize the voice over the phone. We are unable to see where his act in stopping payment on the check at the bank was prejudicial to the defendant in any way since he did not seek to place responsibility for the order on defendant. Newton and Parks both testified that the check was not issued on July 13th. In this connection they said that on the 3rd day of July, Parks left on a fishing trip and was gone some ten days. Newton testified that upon Parks' return he worked two days during the week of his return for which he was paid $15 in cash, a $10 bill and a $5 bill. Parks testified to receiving the same amount of money upon his return but he stated Newton gave him this money for his expenses on the fishing trip. Just why an employer should pay the expenses of an employee on a fishing trip was not explained. The bookkeeper at the bank, Hayes, further testified that checks on Newton's account in the bank were paid June 26th, July 1st, July 22nd, and July

29th, each for the sum of $42, though he could not say to whom the checks were payable. The check was reasonably well described in the testimony of plaintiff. The testimony of Hayes was a competent circumstance going to the issuance of the check. At least, in view of all the circumstances, it was not prejudicial.

The instructions complained of read:

"Instruction No. 5. You are instructed that the burden is upon the plaintiff in this case to prove by clear and convincing evidence that the defendant drew a check payable to the witness Parks as alleged by plaintiff and that it was cashed by the plaintiff or someone employed by him.

"Instruction No. 7. You are instructed that before the plaintiff can recover in this action you must first find by a preponderance of the evidence that the defendant actually issued the check in question to the witness J. W. Parks and that such check was duly endorsed by the said J. W. Parks and cashed by Joe Paul or his agents, and that thereafter the check was lost, stolen, or destroyed and that payment thereof has been refused."

It is contended in this connection that there is a conflict in these instructions which was misleading to the jury and prejudicial to the defendant. By instruction No. 5 the jury was told that the plaintiff must have proven *by clear and convincing testimony* the issuance of the check by defendant and that plaintiff cashed it. The correct burden was "proof by preponderance of the evidence." Liberty Nat. Bank of Pawhuska v. Exendine, 156 Okla. 26, 11 P. 2d 154. By instruction No. 7 the jury was instructed that "before the plaintiff can recover in this action you must first find by a preponderance of the evidence that the defendant actually issued the check in question to the witness J. W. Parks and that such check was duly endorsed by the said J. W. Parks and cashed by Joe Paul or his agents, and that thereafter the check was lost, stolen, or destroyed and that payment thereof has been re-

fused." No objection is made as to the contents of the instructions. It is merely contended that they are inconsistent in that one places a different and incorrect burden on plaintiff which is less than the burden required and was therefore prejudicial to defendant. From what has been pointed out above, this being a law action for money for breach of contract, the effect of the two instructions was to place a greater burden on the plaintiff as to certain necessary proof than the law requires. The losing party cannot take advantage of an error inuring to his benefit. See Liberty Nat. Bank of Pawhuska v. Exendine, supra, and Farmers State Bank v. Bush, 190 Okla. 405, 124 P. 2d 385, Helmerich & Payne v. Nunley, 176 Okla. 246, 54 P. 2d 1088.

There is no reversible error shown in this record.

Judgment affirmed.