**TEXAS PIPE LINE COMPANY,**
a corporation, Plaintiff
in Error,

v.

**Albert J. COBB, Defendant in Error.**

**No. 38950.**

Supreme Court of Oklahoma.

Oct. 10, 1961.

P. R. Wimbish, Elmer W. Adams, Tulsa, Hardin Ballard, Purcell, for plaintiff in error.

George Bingaman, Thomas G. Smith, Purcell, for defendant in error.

WELCH, Justice.

This action was filed on March 8, 1958, by Albert J. Cobb against the Texas Pipe Line Company in the District Court of McClain County, Oklahoma, to recover damages for loss of land caused by erosion. The action was based on a covenant set forth in the easement providing that the grantee would pay any and all damages to crops, fences and land which may be suffered from the construction, operation or maintenance of pipe lines constructed upon plaintiff Cobb's land.

The Texas Pipe Line Company, defendant, has perfected this appeal from an adverse judgment by the trial court.

Defendant contends that trial court erred in overruling demurrer to plaintiff's evidence. In support of this contention it is argued that the evidence failed to show defendant breached a duty owed to the plaintiff, or that there was any causal connection between plaintiff's damages and the operation and maintenance of the pipe line.

After the petition was filed plaintiff was permitted to amend by making Kerr-McGee Oil Industries, Inc., an additional party defendant. However, after most of the evidence had been admitted, plaintiff dismissed without prejudice as to defendant Kerr-McGee.

The evidence shows that in the construction of the pipe line by the defendant same crossed a drainage ditch which had been constructed along the east boundary of the land of plaintiff; that said pipe line was so constructed as to run under the drainage ditch, but that as the ditch washed out and became deeper the pipe line became exposed from time to time; that drifts thereafter caught on it where it crossed the ditch, and during high water by the force of the water said line whipped back and forth, thereby causing a loosening of the earth where it entered the bank of the ditch; that as a result thereof erosion occurred to the bank of the ditch around the pipe line and the bank continued to sluff off; and that during the period between March 8, 1953, and February 1, 1958, the course of the flow of water continually changed and caused erosion to an area consisting of 25 acres; that before this land eroded it was of a value of $200 per acre, and at time of trial was worthless.

Defendant's argument is based upon the theory that it was necessary for plaintiff to prove a breach of duty by defendant, or negligence on its part. Several cases are cited supporting this theory. However, in these cases the covenant in the easement differed from the one herein relied upon, in that they did not provide for payment by the grantee for damages to land which may be suffered from the construction, maintenance and operation of pipe line. The action in cases cited was based upon negligence of defendant, while this action is based upon breach of contract. Therefore they are not applicable.

In Smith v. Texas Pipe Line Company of Oklahoma, 171 Okl. 573, 41 P.2d 841, we held:

"Where suit has been brought for breach of a written contract to pay all damages to crops, fences, or land be- .

cause of the destruction of growing trees upon said land, it is error for the court to instruct the jury that such action is barred by the two-year statute of limitation."

It was said by the court therein:

" * * * From the wording of the plaintiff's petition it is clear that it was his intention to bring suit for breach of contract to pay for damages to the land. This, in our opinion, he had a right to do."

■ The easement in the Smith case, supra, contained the same type of covenant as contained in the easement granted in this case. Therefore plaintiff herein had a right to rely on the covenant and recover on the basis of a contractual relation. We are of the opinion that all that was necessary for the plaintiff to show was that the land was damaged and that the proximate cause was the manner in which the pipe line was constructed, maintained and/or operated. It was not necessary under the contract to show negligence on the part of the defendant.

■ The record reveals there was evidence showing that the manner in which the pipe line was allowed to become exposed where it crossed the ditch caused it to whip back and forth during high water and cause the earth to become loose around where it entered the bank of said ditch and thereby erode. By the exposure of said line debris caught on said line as it was washed down the diversion ditch and thereby caused the water to wash against the loose earth and cause further erosion. This does show damage to the land and a causal connection between the damage and the pipe line. Therefore this evidence, together with the inferences that may be drawn therefrom, constitutes a jury question in our opinion.

■ This court has consistently followed the rule that in passing upon an alleged error based upon the overruling of defendant's demurrer to plaintiff's evidence, the evidence will be construed in the light most favorable to the plaintiff, and where there is any evidence or reasonable inferences

from circumstances reasonably tending to establish a cause of action or to sustain a jury verdict and judgment based thereon, such judgment will be sustained on appeal unless shown to be contrary to law. State Exploration Co. v. Reynolds, Okl., 344 P.2d 275.

It is further argued by defendant that the trial court erred in giving certain instructions, and in refusing to give certain requested instructions.

The instruction given by the court which defendant states was error, instructed the jury that if they found from a preponderance of the evidence that the maintenance and operation of the pipe line by defendant was the proximate cause of the erosion and damage to plaintiff's land, the verdict should be for plaintiff and against defendant. However, if they did not so find, or if they found that the erosion was caused by either improper maintenance of the drainage ditch, or by failure of the plaintiff to keep said drain open and free from obstruction by vegetation growth, as required by law; or, that erosion was caused by periodic floods or ordinary rains in the upstream watershed; that soil on plaintiff's land is of a fine texture and subject to easy washing and erosion; and that these natural conditions caused erosion and damage; or, that erosion was caused by the manner in which Santa Fe Railroad left an abandoned railroad embankment upstream; then, in either of these events, their verdict must be for defendant.

■ Defendant argues that instruction was insufficient and that court further erred in refusing its requested instruction as to the statutory requirements of a drainage district and of plaintiff who used drainage ditch constructed by said district.

Many authorities are cited in the brief of defendant supporting the general rule that it is the duty of the trial court to submit to the jury proper instructions any issue or defense which the evidence tends to support and the failure to do so at the request of the defendant constitutes prejudicial error. However, none of the authorities

support the contention that the court should instruct as to what the statutes require of the plaintiff, or a third party who is not a party to the action under circumstances as presented in this case.

The instruction given by the court charged the jury with the duty to find for defendant, if they found any of the acts were not done and the failure caused the damage by naming the acts instead of designating that it was a statutory duty. We do not agree that because certain acts were required by statute and were not performed by plaintiff or a stranger to this action, that defendant should be excused from its contractual duty under the easement, unless the failure to perform said acts was proximate cause of the erosion and damages. The instruction, in our opinion, clearly covered this issue.

▪ We have held that, whether in a given case, there should be a reversal for error in giving an instruction depends quite as much upon the evidence before the jury to which the instruction might be applied as upon the abstract language of the instruction. Though an instruction be somewhat inaccurate, yet when applied to the evidence before the jury, if it could not have misled the jury to believe their duty was different from what it actually was, the inaccuracy need afford no reason for reversal. Big Jack Mining Co. v. Parkinson, 41 Okl. 125, 137 P. 678; Norton-Johnson Buick Co. v. Lindley, 173 Okl. 93, 46 P.2d 525, and Reinhart & Donovan Co. v. Williamson, 191 Okl. 539, 131 P.2d 765.

The other instruction complained of is court's instruction No. 6 which did not specify that the defendant was only liable for damages caused between the dates of March 8, 1953, and February 1, 1958. We find from the record that instruction number 5 by the court did so instruct the jury.

▪ Instructions are to be considered as a whole without giving any paragraph an interpretation which any of the other paragraphs show was not intended, and if instructions considered together fairly submit issues to the jury, and it does not appear probable that the rights of the complaining party were prejudiced by the alleged error in refusing to give defendant's requested instructions, a verdict against said party will not be set aside. Smith v. Hawkins, Okl., 323 P.2d 373; Magnolia Petroleum Co. v. Angelly, Okl., 306 P.2d 309; Finley v. Board of County Com'rs of Oklahoma County, Okl., 291 P.2d 333; Rosamond v. Reed Roller Bit Co., Okl., 292 P.2d 373, and City of Holdenville v. Moore, Okl., 293 P.2d 363.

Therefore for the reasons hereinabove stated, the judgment of the trial court is affirmed.

Affirmed.

WILLIAMS, C. J., and DAVISON, JOHNSON, JACKSON, BERRY, and IRWIN, JJ., concur.

BLACKBIRD, V. C. J., and HALLEY, J., dissent.